IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFF BICKART AND STEPHANIE BICKART, <br><br> Plaintiffs, <br><br> v. <br><br> TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LAR WEISER, AND HILDA AGUILERA, <br><br> Defendants. | § § § § § § § § § § § § § § § §  CASE NO. 4:17-CV-2324 |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Farmers"), a Write-Your-Own ("WYO") Program carrier[1] participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] As discussed herein, Plaintiffs' lawsuit may only be addressed in this Court, regardless of the amount in controversy, as Plaintiffs have succinctly placed at issue matters exclusively regulated by FEMA under authority of the Congress pursuant to 42 U.S.C. § 4013(a) and §4019. Farmers, therefore, files this Notice of Removal removing this matter from state court to the docket of this Honorable Court pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331. An index of documents being filed

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

contemporaneously with this Notice of Removal is attached at Exhibit A.  Defendant would respectfully show as follows:

## I.   PROCEDURAL BACKGROUND

On or about April 21, 2016, Plaintiffs, Jeff Bickart and Stephanie Bickart, filed a lawsuit against Farmers in the 190th Judicial District Court of Harris County, Texas bearing Cause No. 201625329.  (*See* Ex. B, at REMOVAL_002) (a copy of all documents on file to-date with the state court).  In this first complaint, Plaintiffs expressly pled breach of contract as to Farmers.  (*Id.*, at REMOVAL_018) (Original Complaint).

On or about May 13, 2016, co-defendants, Weiser Insurance Group, LLC, David Weiser, Larry Weiser, and Hilda Aguilera ("Agents"), filed their answer and affirmative defenses.  (*Id.*, at REMOVAL_034-38).  In their Answer, the Agents asserted the preemptive nature of the NFIP as well as the federal questions related to Plaintiffs' claims.  (*Id.*, at REMOVAL_035).

Four days later, on May 17, 2016, Plaintiffs non-suited Farmers, dismissing all claims against Farmers without prejudice.  (*Id.*, at REMOVAL_039-42).

On or about September 8, 2016, Plaintiffs filed a First Amended Complaint bringing Texas Farmers back into the lawsuit.  In this petition, Plaintiffs artfully re-characterize their allegation to remove their previous expressly pled breach of contract claims.  (*Id.*, at REMOVAL_097-113).

Since bringing Farmers back into this lawsuit, Plaintiffs amended their Petition a second, third, and fourth time—each time artfully attempting to characterize their NFIP Standard Flood Insurance Policy ("SFIP) dispute as a state court action.

On July 14, 2017, Plaintiffs submitted for depositions.  (Exs. C, D).

Farmers hereby removes this case from state court to this Federal Court, pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Article VII(R) and Article IX; 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. §1367; 28 U.S.C. § 1441(c).

## II.   PLAINTIFFS' NEW CLAIMS AS "OTHER PAPER" FOR REMOVAL

The provision governing time constraints for removing matters from state court is 28 U.S.C. § 1446(b), which specifies, in short, that the removal notice is to be filed within thirty (30) days of the defendant's first notice of removability:

> (1)   The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> ***
> (3)   Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (emphasis added)[1]

Paragraph (3) of Section1446(b) supplements the general thirty (30) day removal period described in paragraph (1) to include actions that subsequently become removable. *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210-211 (5th Cir. 2002); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992); *Pichon v. Boyd Bros. Trans. Co., Inc.*, Civil Action No. 13-682, 2013 WL 3187298 *3 (E.D.La. June 20, 2013).

Usually, whether a claim is removable for diversity or federal question jurisdiction is ascertainable from the face of the plaintiff's complaint. *Long v. Bando Mfg. of Am., Inc.*, 201

---

[4]   Subsection (c) refers to removal based upon diversity of citizenship.

F.3d 754, 758 (6th Cir. 2000).  Where the existence of a removable claim is initially uncertain, however, the right to remove is triggered when the defendant first receives notice that the action is, in fact, based on a federal claim.  *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir. 2002); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir.2000); *Akin v. Big Three Indus., Inc.*, 851 F.Supp 819, 825 (E.D. Tex. 1994).

Section 1446(b) makes clear that removability may be determined from some "paper" other than the original state court complaint.  *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).  That is, a case that may not be removable initially can become removable by a voluntary act of the plaintiff through an amended pleading, motion, or other paper that gives the defendant notice of the changed circumstances which support federal jurisdiction.  *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *Gonzales S. Texas Elec. Corp. v. Jeffrey C. Stone, Inc.*, Civil Action No. H-14-2216, 2014 WL 7072437, *2 (S.D.Tex. Dec. 12, 2014) (J. Harmon); *Still v. Georgia-Pacific Corp.*, 965 F.Supp. 878, 881 (S.D.Miss. 1997).  "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Bosky*, 288 F.3d at 210.  The Fifth Circuit has held that discovery responses may constitute an "other paper" under the removal statute, notifying defendant of an action's removability and triggering the 30-day removability period.  *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F.App'x 437, 440 (5th Cir. 2011); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

Here, Plaintiffs submitted for depositions on July 14, 2017. Plaintiffs' testimony clearly and unequivocally demanded that Farmers reimburse their contents claims under their flood insurance policy. Mrs. Bickart's testimony provided the following:

> Q. (BY MR. AGUDA) Okay. So why are you suing Texas Farmers –
> A. Because we had a –
>
> MR. BURROW: Objection. Objection. Form. Go ahead and answer.
>
> A. We had a catastrophic event.
> Q. (BY MR. AGUDA) You had the flood in May 26th of 2015, right?
> A. Correct.
> Q. Okay. So you're suing Texas Farmers because of the catastrophic event?
> A. Correct.
> Q. Okay. Are you asking Texas Farmers to pay you for – under the policy for the catastrophic event?
> A. Only for the contents.
>
> MR. BURROW: Counsel, you know this is not a claims handling case. So if you're trying to imply that it's a claims handling case, it's not.
> MR. AGUDA: I've read the complaint.
> MR. BURROW: Okay. I want you – I want to make sure it's clear so that you're not misleading this client as to what her lawsuit's about when she doesn't have legal background.
> MR. AGUDA: I'm asking her what her understanding is as to why she's suing my client.
> MR. BURROW: Understood. I want to make sure it's clear on the record.
>
> Q. (BY MR. AGUDA) Okay. So Texas Farmers did not pay you for your contents, correct?
> A. No, they did not.
> Q. They did not. They didn't pay you for your building either, right?
> A. No.
> Q. And I guess to – to make sure we are clear, the purpose of your lawsuit, to your knowledge, is to recover damages because of the contents, failure to pay the contents?
> A. The contents coverage.

(Ex. C, pp. 16:18-18:6) (Stephanie Bickart's Depo.). Likewise, Mr. Bickart stated that he is seeking payments for contents under his SFIP:

> Q.     – waterline? So I'm not asking you for a legal opinion. I'm asking you: What do you want Texas Farmers to do with regard to these contents?
>
> MR. BURROW: Objection. Form.
>
> A.     I would have liked to have the opportunity to recover compensation for my lost contents through my primary insurance carrier at the time, which was Farmers. That's what I would like. That's why we're here.

(Ex. D, pp. 71:17-72:1) (Jeff Bickart's Depo.)

Though Plaintiffs' have artfully attempted to plead around the facts, the basis of their demand, in Plaintiffs' own words, is now clear: Plaintiffs are seeking compensation for damages from Farmers "under the policy" and "though [the] primary insurance carrier at the time, which was Farmers." Indeed, though no objection or questioning of Mrs. Bickart was made by Plaintiffs' counsel, Mrs. Bickart clearly and unequivocally provided her "understanding" as to why she is suing Farmers.

### III.    FEDERAL JURISDICTION

#### A.    42 U.S.C. § 4072 – Original Exclusive Jurisdiction

42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of matters under the SFIP. *See Constr. Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.,* 636 F.App'x 207, 209 (5th Cir. 2016).

Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." *See* 42 U.S.C. §4 072. Despite this understanding, Plaintiffs' Original Petition was intentionally filed in state court. (Ex. B, at REMOVAL_002-24). Further, because the SFIP is a codified federal regulation, Plaintiffs are

charged with the knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

Plaintiffs have now, in their own words for the first time, clearly and unequivocally stated that they are demanding benefits under their NFIP SFIP. Per 42 U.S.C. § 4072, jurisdiction over such a claim is "exclusive" to this Court.

### B. 28 U.S.C. 1331 – Federal Question Jurisdiction

The SFIP, a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1), is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. IX. The federal regulations which govern Farmers' fiduciary duties to FEMA and the NFIP, promulgated by FEMA under authority of 42 U.S.C. § 4013(a), are found at 44 C.F.R. §59.1 *et seq.* Because these regulations must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

Necessarily, the interpretation of the SFIP and FEMA regulations to determine whether Farmers breached a standard of care imposed by FEMA would require the interpretation of the NFIA and the federal regulations imposed by FEMA, *i.e.*, a federal question. *Any* address of the WYO Program carrier's interpretation of NFIP rules, regulations, statutes, and guidelines regarding the sale and administration of an SFIP gives rise to federal question. *See* 44 C.F.R. Pt. 62, App A, Art. I. Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and this case is, therefore, removable pursuant to 28 U.S.C. § 1441(a) and (c).

Plaintiffs here are alleging that a standard of care was breached by Farmers in the course of Plaintiffs' SFIP.  Each of Plaintiffs' allegations asserts a federal question regarding the WYO Program carrier's administration of Plaintiffs' SFIP.  Further, as discussed herein, any payment or award of damages to Plaintiffs would be a "direct charge on the public treasury," and would be "binding" upon the federal government.  *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt. 62, App. A, Art. II(F); 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).  Therefore, this litigation is taking place entirely at the expense of the U.S. Treasury.

Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. §1441(a) and (c), Farmers asserts that there are multiple federal questions presented within Plaintiffs' lawsuit thereby making the action removable pursuant to 28 U.S.C. § 1331.

### C. U.S. Treasury Funds Are at Stake

Whether or not Farmers breached a standard of care in this litigation, Farmers' role as a WYO Program carrier takes place as the fiscal agent of the United States.  *See* 42 U.S.C. § 4071(a)(1); https://www.fema.gov/media-library/assets/documents/17972, Art. III.  NFIP claims are funded by the U.S. Treasury.  *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341,342 (5th Cir. 2005); *Wright v. Allstate*, 415 F.3d 384, 386 (5th Cir. 2005); *Gowland*, 143 F.3d at 955; *see also Evanoff v. Standard Fire Ins. Co.,* 534 F.3d 516, 519-520 (6th Cir.2008).  FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA."  44 C.F.R. § 62.23(i)(1).  FEMA's "*Arrangement*" with the WYO Program companies, such as Farmers, also makes clear that federal funds are utilized to pay the claims directly and not through a reimbursement mechanism.  *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.10 (9th Cir. 2000).

Regarding the instant litigation, FEMA's *Arrangement* with the WYO Program carriers establishes that all of Farmers' defense costs will be paid by the Program if litigation arises. 44 C.F.R. Pt. 62, App. A, Art. III(C)(3), and Art. III(D)(2); *see also* 44 C.F.R. Pt. 62.23(i)(b) and (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001)

In addition to the foregoing, the scope of the *Arrangement* between the United States government and Farmers includes within its scope the "selling and administering" of standard flood insurance policies with federal funds. *See* https://www.fema.gov/media-library/assets/documents/17972, Art. I, (5) and (6). As Farmers has engaged in these activities "in a fiduciary capacity all of Farmers' activities are extensively regulated . . . when selling or administering the Standard Flood Insurance Policy." *Id*. These points are further made clear by *Arrangement* Articles II(A), (D) and (G). Therefore, in accord with the terms of the *Arrangement* at Article II(D)(2), litigations expenses are born by the U.S. Treasury.

Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012). There is, therefore, no question that federal funds are at stake in the selling and marketing and issuance of SFIPs.

## IV. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE "OTHER PAPER" BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under §1337, removal is proper where the alleged facts bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiffs' pleading. *Uncle Ben's Int'l Di. of Uncle*

*Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp. 964, 973-74 (D.P.R. 1970).

Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that 'specifically relates to the business of insurance.' 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general.' *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004).

Beyond the general proposition that the NFIA regulates commerce, it is also clear that the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g*., 42 U.S.C. §§ 4013, 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in Plaintiffs' testimony, and removal is proper pursuant to 28 U.S.C. § 1337.

> **V. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

To the extent that any of Plaintiffs' claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2620 (2005).

Plaintiffs' testimony directly places at issue claims under Plaintiffs' SFIP. Plaintiffs' other legal claims arise from the same nucleus of operative fact: the alleged breach of a standard of care. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state-law claims to the extent that such claims are viable in the context of a federal insurance program.

## VI. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

As stated, Mr. and Mrs. Bickart's depositions were taken on July 14, 2017. Undersigned counsel received copies of Plaintiffs' deposition transcripts on July 20, 2017. Removal of this lawsuit has, therefore, been filed within the 30-days delay allowed by 28 U.S.C. § 1446(b).

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

Pursuant to 28 U.S.C. § 1446(a), is a copy of all processes, pleadings, and orders served on Farmers to date is attached hereto as Exhibit B.

The co-defendants Agents' counsel of record, Ray Edwards, has been consulted. On behalf of the Agents, Weiser Insurance Group, LLC, David Weiser, Larry Weiser, and Hilda Aguilera, Mr. Edwards consented to this removal.

## CONCLUSION

WHEREFORE, Defendant, Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: July 28, 2017

**BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: ddarche@bakerlaw.com
bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, LLC**

By: */s/ Joseph J. Aguda, Jr.*
Joseph J. Aguda, Jr., Esq.
Nielsen, Carter & Treas, LLC
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Tel.: 504-837-2500
Fax: 504-832-9165
Email: jaguda@nct-law.com

**COUNSEL FOR DEFENDANT, TEXAS FARMERS INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using registered email and the CM/ECF system, which will send notice of electronic filing as follows:

J. Steve Mostyn
jsmdocketfile@mostynlawfirm.com
Justin D. Burrow
Justin@mostynlawfirm.com
MOSTYN LAW FIRM
3810 West Alabama St.
Houston, Texas 77027
COUNSEL FOR PLAINTIFFS

E. Ray Edwards
Eray.edwards@sbcglobal.net
GANN & EDWARDS
7500 San Felipe, Suite 410
Houston, Texas 77063
COUNSEL FOR DEFENDANTS,
WEISER INSURANCE GROUP
LLC, WEISER, DAVID, WEISER,
LARRY, and AGUILERA, HILDA

>*/s/ Bradley K. Jones*
>Bradley K. Jones