4/21/2016 10:20:12 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 10228994
By: FRANKLIN, KRYSTAL G
Filed: 4/21/2016 10:20:12 AM

**CIVIL CASE INFORMATION SHEET**

| CAUSE NUMBER *(FOR CLERK USE ONLY):* | 2016-25329 / Court: 190 | COURT *(FOR CLERK USE ONLY):* |
| --- | --- | --- |

STYLED JEFF BICKART AND STEPHANIE BICKART v. TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
| --- | --- | --- | --- |
| Name:<br>J. Steve Mostyn | Email:<br>jsmdocketefile@mostynlaw.com | Plaintiff(s)/Petitioner(s):<br>Jeff Bickart and Stephanie Bickart | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>3810 W. Alabama Street | Telephone:<br>(713) 714-0000 | Defendant(s)/Respondent(s):<br>Texas Farmers Insurance Company, Weiser Insurance Group, LLC, David Weiser, Larry Weiser, and Hilda Aguilera | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77027 | Fax:<br>(713) 714-1111 | | Non-Custodial Parent: |
| Signature:<br>/s/ J. Steve Mostyn | State Bar No:<br>00798389 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
| --- | --- | --- | --- | --- |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☒Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
| --- | --- | --- |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
| --- | --- | --- |
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>☐Less than $100,000 and non-monetary relief<br>☐Over $100,000 but no more than $200,000<br>☒Over $200,000 but no more than $1,000,000<br>☐Over $1,000,000

REMOVAL_001

4/21/2016 10:20:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10228994
By: Krystal Franklin
Filed: 4/21/2016 10:20:12 AM

# 2016-25329 / Court: 190

CAUSE NO._____

| | | |
|---|---|---|
| **JEFF BICKART AND STEPHANIE BICKART,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA,** | § § § § § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jeff Bickart and Stephanie Bickart ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Texas Farmers Insurance Company ("TFIC"), Weiser Insurance Group, LLC ("Weiser Insurance"), David Weiser. ("David"), Larry Weiser ("Larry"), and Hilda Aguilera ("Aguilera") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.   Plaintiffs Jeff Bickart and Stephanie Bickart are individuals residing in Harris County, Texas.

3.   Defendant Texas Farmers Insurance Company is a domestic insurance company engaged in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service: Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

4.   Defendant Weiser Insurance is a company engaging in the business of selling insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  Larry D. Weiser, 8303 Southwest Fwy. Suite 510, Houston, Texas 77074.

5.   Defendant David Weiser is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence, at 5910 Valkeith Dr., Houston, Texas 77096.

6.   Defendant Larry Weiser is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence, at 618 E 8th ½ St., Houston, Texas 77007.

7.   Defendant Hilda Aguilera is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at her place of residence, at 3115 Dragonwick, Houston, Texas 77045.

## JURISDICTION

8.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

Page 2

9.    The Court has jurisdiction over Defendant TFIC because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10.   The Court has jurisdiction over Defendant Weiser Insurance because this defendant is a domestic company that engages in the business of selling insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

11.   The Court has jurisdiction over Defendant David because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

12.   The Court has jurisdiction over Defendant Larry because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

13.   The Court has jurisdiction over Defendant Aguilera because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

14.   Venue is proper in Harris County, Texas, because the insured property and contents are situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

15.   Plaintiffs was the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by TFIC.

REMOVAL_004

16.     Plaintiffs own the insured property, which is specifically located at 5047 Glenmeadow Drive, Houston, Texas 77096 in Harris County (hereinafter referred to as "the Property").

17.     TFIC sold the Policy insuring the Property and Contents to Plaintiffs. Specifically, the Policy insuring the property and Contents was sold to Plaintiffs by Defendants Weiser Insurance, Larry, David, and Aguilera.

18.     Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for personal or household use.

19.     Specifically, Plaintiffs initially sought the services of Defendants Weiser Insurance, Larry, David, and Aguilera to purchase the Policy, and Defendants Weiser Insurance, Larry, David, and Aguilera sold the Policy to Plaintiffs. Subsequently, in the weeks before the Houston area experienced severe flooding, Plaintiffs sought the services of Defendants Weiser Insurance, Larry, David, and Aguilera as their trusted insurance agents to acquire a renewal of the same policy and thereby maintain coverage on the Property and Contents. Plaintiffs contacted their insurance agent, Defendant Weiser Insurance, seeking their services in acquiring a renewal of their flood policy.

20.     Defendants Larry, David, and Aguilera, are authorized agents of Defendant Weiser Insurance, and failed to timely renew Plaintiffs' policy, and failed to timely process Plaintiffs' payment of the Policy premium.

21.     Each and every one of the representations, as described above, concerned material facts, and absent such representations, Plaintiffs would not have acted as they did.

22.     Each and every one of the representations, as described above, were made by all Defendants recklessly and/or negligently, without any knowledge of their truth as a positive assertion.

REMOVAL_005

23.   From the time that all Defendants made these representations, as described above, Plaintiffs believed them to be true as positive assertions made by persons with knowledge of their truth.  Specifically, Plaintiffs believed that the Policy was still in effect and that the Property and Contents were still insured with flood coverage.  Plaintiffs relied on the reckless and/or negligent misrepresentations of all Defendants to their detriment.

24.   But for the reckless and/or negligent misrepresentations of all Defendants, Plaintiffs would not have acted as they did—namely, abstaining from seeking alternative coverage or another flood policy.  Furthermore, Plaintiffs would not have allowed their property and contents to remain uninsured for any amount of time, during which they had been ensured that the property and contents were still insured/protected.

25.   On or about May 26, 2015, the Houston area experienced severe flooding causing extensive damage to homes and businesses throughout the area. Specifically, Plaintiffs' home sustained significant damage including but not limited to damage to the home's flooring, walls, cabinetry, AC unit(s), plumbing, electrical system and kitchen fixtures, among others. Their personal property within the home was ruined, including but not limited to their furniture, beds, clothing, electronics, kitchen appliances and utensils, among others.

26.   Plaintiffs sought to purchase and/or renew a flood insurance policy from TFIC, through Weiser Insurance, David, Larry, and/or Aguilera.  At all times relevant, Weiser Insurance, Larry, David, and Aguilera were authorized agents of TFIC acting within the course and scope of their authority. Plaintiffs relied on Weiser Insurance, David, Larry, and Aguilera, to timely procure a flood insurance policy containing substantially similar terms as their previous flood insurance policies that would cover Plaintiffs' property and contents in the

Page 5

event of a flood loss. At all times relevant, Plaintiffs were and are consumers for purposes of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

27.     Plaintiffs repeatedly attempted to contact via telephone and email Weiser Insurance, David, Larry, and/or Aguilera regarding renewal of the flood insurance policy that covered their home and personal property. TFIC, Weiser Insurance, David, Larry, and/or Aguilera failed to reasonably notify Plaintiffs that their policy would expire on April 20, 2015 and failed to reasonably procure flood insurance coverage for Plaintiffs.

28.     On April 28, 2015, Weiser Insurance and/or Aguilera emailed Mr. Bickart requesting a copy of his driver's license to prove that the property located at 5047 Glenmeadow Dr., Houston, TX 77096 was the primary residence. Mr. Bickart sent the information to Weiser Insurance and Aguilera, and requested that TFIC, Weiser Insurance, David, Larry, and Aguilera send him an invoice reflecting the amount owed for his policy renewal.

29.     April 29, 2015, Mr. Bickart emailed Weiser Insurance, David, Larry, and Aguilera, stating that he had not received an invoice to pay the flood insurance renewal premium. Plaintiffs again requested the renewal premium amount.

30.     April 30, 2015, Mr. Bickart sent a follow up email to Weiser Insurance, David, Larry, and Aguilera regarding the policy renewal amount that he had not received.

31.     May 1, 2015, Mr. Bickart again emails Weiser Insurance, David, Larry, and Aguilera requesting the invoice or amount to pay for the flood policy renewal.

32.     May 4, 2015, Aguilera and/or Weiser Insurance email Plaintiffs stating "we are waiting for the updated amount due in order to relay that information to you as soon as I have the amount I will touch base with you it should be no more than 24-48 hours."

Page 6

33.     May 11, 2015, Plaintiffs are still in the dark about the amount they owe to renew their flood insurance policy with TFIC. Mr. Bickart emails Aguilera and/or Weiser Insurance to ask for an update.

34.     May 12, 2015, Weiser Insurance and/or Aguilera email Plaintiffs stating "…the flood supervisor relayed to me this afternoon that the renewal premium is $1,828."

35.     This was the first time that Plaintiffs were notified of the amount owed to renew their flood insurance policy with TFIC. At no point in time did TFIC, Weiser Insurance, David, Larry, and/or Aguilera tell Plaintiffs that they needed to pay immediately, much less by May 20, 2015, otherwise their coverage would lapse.

36.     On or before May 20, 2015, Plaintiffs sent a check for the flood insurance policy renewal amount.

37.     On May 26, 2015, David, Larry, Weiser Insurance and Aguilera contacted Plaintiffs to let them know that their flood insurance policy was not in effect. At this time David, Larry, Weiser Insurance, and Aguilera request that Plaintiffs provide them with credit card information to use to retroactively renew the flood insurance policy. Plaintiffs complied. David, Larry, Weiser Insurance and Aguilera confirmed that the payment was processed. David emailed Mr. Bickart stating "[b]een on hold with flood for 20 min verifying."

38.     May 28, 2015, Plaintiffs attempt to make a claim against their TFIC flood insurance policy for property and contents damage as a result of the Memorial Day flood event. Plaintiffs are notified by TFIC that it could not initiate flood insurance policy coverage due to the 30 day lapse from the April 20, 2015 policy expiration date. This was the first time that anyone had mentioned to Plaintiffs that they were supposed to pay the flood policy premium renewal amount on or before May 20, 2015.

REMOVAL_008

39.  June 3, 2015, Weiser Insurance and/or Larry Weiser sent Plaintiffs a letter wherein they apologized for being unable to get the flood policy reinstated.

40.  Had TFIC, Weiser Insurance, David, Larry, and Aguilera adequately procured flood insurance for Plaintiffs, Plaintiffs would have been entitled to $250,000 for flood damage to their property and $31,500 for flood damage to their contents under the Policy. As a result of TFIC's, Weiser Insurance's, David's, Larry's, and Aguilera's errors and/or omissions and/or other misrepresentations Plaintiffs have been underpaid.

41.  Again, Defendants Weiser Insurance, Larry, David, and Aguilera sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the property would be covered.  Plaintiffs were under this belief when they attempted to file a claim against the Policy after the Houston area flood, based upon this representation.  Plaintiffs suffered harm as a result of Defendants' representations.

42.  Defendants Weiser Insurance, Larry, David, and Aguilera failed to use reasonable diligence to place the flood insurance that Plaintiffs requested, and further failed to promptly inform the Plaintiffs of their inability to do so.

43.  Defendants Weiser Insurance, Larry, David, and Aguilera made various statements and misrepresentations about the Policy issued to Plaintiffs. Specifically, Defendants misrepresented to Plaintiffs that they had time to renew policy and would be covered, when in fact, Defendants failed to renew Plaintiffs' flood policy and did not inform Plaintiffs until after the fact.  Defendants' conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE. ANN. §541.051(1)(A); §541.061(1), (2), and (3).

44.  Plaintiffs asked that TFIC cover the cost of repairs to the Property pursuant to the Policy.

Page 8

45. As detailed in the paragraphs below, TFIC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

46. To date, TFIC continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to the Property.

47. Defendant TFIC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. TFIC's conduct constitutes a breach of the insurance contract between TFIC and Plaintiff.

48. Defendant TFIC failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant TFIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

49. Defendant TFIC failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant TFIC failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant TFIC did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant TFIC's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Page 9

50.    Defendant TFIC failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant TFIC.  Defendant TFIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

51.    Defendant TFIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  TFIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

52.    Defendant TFIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  TFIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

53.    Defendant TFIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  TFIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

54.    From and after the time Plaintiffs' claim was presented to Defendant TFIC, the liability of TFIC to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, TFIC has refused to pay Plaintiffs in full, despite there being no basis

REMOVAL_011

whatsoever on which a reasonable insurance company would have relied to deny the full payment. TFIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

55. Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

56. As a result of Defendants TFIC's, Weiser Insurance's, David's, Larry's, and Aguilera's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

57. Plaintiffs' experience is not an isolated case. The acts and omissions TFIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of TFIC with regard to handling these types of claims. TFIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST WEISER INSURANCE, LARRY, DAVID, AND AGUILERA

58. Defendants Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation and negligent misrepresentation.

59. Defendants Weiser Insurance, Larry, David, and Aguilera are individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of TFIC, because they are individually each a "person," as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership,

Page 11

reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability)).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE

60.    Defendants Weiser Insurance's, Larry's, David's, and Aguilera's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer, TEX. INS. CODE §541.051, and Misrepresentation of Insurance Policy, TEX. INS. CODE §541.061. All violations under these articles are made actionable by TEX. INS. CODE §541.151.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### MISREPRESENTATION REGARDING POLICY OR INSURER

61.    Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and false advertisings of the insurance coverage, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051(1)(A).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### MISREPRESENTATION OF INSURANCE POLICY

62.    Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to disclose pertinent facts or policy provisions relating to the insurance coverage, as described above, in making an untrue statement of material fact constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1).

Page 12

Unofficial Copy Office of Chris Daniel District Clerk

63.   Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to state material facts relating to insurance coverage, as described above, necessary to make other statements not misleading, considering the circumstances under which the statements were made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(2).

64.   Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(3).

## NEGLIGENCE

65.   Plaintiffs entrusted Defendants Weiser Insurance, Larry, David, and Aguilera to procure the TFIC flood insurance policy, on their behalf. Plaintiffs requested from Defendants Weiser Insurance, Larry, David, and Aguilera that their flood insurance policy be renewed. Defendants Weiser Insurance, Larry, David, and Aguilera did not timely inform Plaintiffs of the policy renewal amount, the policy renewal deadline, and/or that the flood policy had lapsed and/or would lapse if renewal premium was not paid by the deadline. At the time Plaintiffs attempted to renew their policy they were misinformed by Defendants leading to a lapse in coverage. Plaintiffs were also informed by Defendants their policy would continue in place. It was Defendants Weiser Insurance's, Larry's, David's, and Aguilera's duty to ensure that Plaintiffs' policy was in place. Furthermore,

REMOVAL_014

Defendants Weiser Insurance, Larry, David, and Aguilera knew that the TFIC policy would not be in place.  Nevertheless, they failed to ensure that the policy was in place and misrepresented to Plaintiffs that the Property and Contents were covered by an insurance policy that would provide coverage for losses to the Property and Contents caused by flood. However, Defendants had failed to obtain such a policy for Plaintiffs.  Defendants Weiser Insurance, Larry, David, and Aguilera breached this duty by failing to renew the TFIC insurance premium before the Houston Flood event, and as a result, Plaintiffs suffered significant injuries.

### NONCOMPLIANCE WITH TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT:

66.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  TEX. BUS. & COM. CODE §17.41-17.63.  All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

67.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes a false, misleading, or deceptive act or practice.  TEX. BUS. & COM. CODE §17.46(b)(5).

68.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46 (b)(7).

REMOVAL_015

69.     Defendants Weiser Insurance's, David's, Larry's, and Aguilera's advertisement of goods and services, as described above, with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(9).

70.     Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that an agreement conferred or involved rights, remedies and obligations, which it does not have or involve, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(12).

71.     Defendants Weiser Insurance's, David's, Larry's, and Aguilera's failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiffs into a transaction into which Plaintiffs would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(24).

## FRAUDULENT MISREPRESENTATION

72.     Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes fraudulent misrepresentation in the State of Texas.

73.     Defendants Weiser Insurance, Larry, David, and Aguilera made representations to Plaintiffs, as described above, which were false statements of fact, and were material to the transaction.  In making these representations, Defendants knew the representations were false, or acted with reckless disregard of the truth or falsity of the representations.

74.     Defendants Weiser Insurance, Larry, David, and Aguilera intended Plaintiffs to act on the representations, and Plaintiffs relied on the false representations in seeking to obtain what Plaintiffs thought was an insurance policy that provided for losses to the Property and Contents caused by flood, such as those suffered by Plaintiffs.

REMOVAL_016

## NEGLIGENT MISREPRESENTATION

75.     Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes a tort for negligent misrepresentation in the State of Texas.

76.     TFIC's, Weiser Insurance's, David's, Larry's, and Aguilera's made representations to Plaintiffs, as described above, in the course of Defendant's business or in a transaction in which Defendants had an interest.

77.     In making these representations, Defendants Weiser Insurance, Larry, David, and Aguilera supplied false information for the guidance of Plaintiffs. Defendants did not exercise reasonable care or competence in obtaining or communicating the information on which Plaintiffs justifiably relied.  Defendants' negligent misrepresentations proximately caused Plaintiffs' injury.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

78.     Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for common law fraud.

79.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera knew were false or made recklessly without any knowledge of their truth as a positive assertion.

80.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

Page 16

## CONSPIRACY TO COMMIT FRAUD

81.   Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for conspiracy to commit fraud.  Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants TFIC, Weiser Insurance, Larry, David, and Aguilera committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST TFIC ONLY

82.   Defendant TFIC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

83.   Defendant TFIC's conduct constitutes a breach of the insurance contract made between TFIC and Plaintiffs.

84.   Defendant TFIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of TFIC's insurance contract with Plaintiff.

REMOVAL_018

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

85.   Defendant TFIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

86.   Defendant TFIC's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

87.   Defendant TFIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though TFIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

88.   Defendant TFIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

89.   Defendant TFIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

REMOVAL_019

90.   Defendant TFIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

91.   Defendant TFIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

92.   Defendant TFIC's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

93.   Defendant TFIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

94.   Defendant TFIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

95.   Defendant TFIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

REMOVAL_020

96. Defendant TFIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, TFIC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

97. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

98. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

99. As previously mentioned, the damages caused by Memorial Day flood event have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and Contents, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant TFIC's, Weiser Insurance's, David's, Larry's, and Aguilera's mishandling of Plaintiffs' Policy and claim, in violation of the laws set forth above.

100. For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of their claim, together with attorney's fees.

101. For noncompliance with the Texas Insurance Code: Unfair Settlement Practices, Misrepresentation Regarding Policy or Insurer, and Misrepresentation of Insurance Policy, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For

Unofficial Copy of Chris Daniel District Clerk

knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

102. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

103. For noncompliance with the Texas Deceptive Trade Practices Act Consumer Protection Act, Plaintiffs are entitled to economic damages, which include the amount of the benefits wrongly withheld. For knowing conduct violations, with regard to these breaches of duty, Plaintiffs are entitled to damages for mental anguish, and Plaintiffs also ask for three times their economic damages. For intentional conduct violations, with regard to these breaches of duty, Plaintiffs are entitled to his economic damages and damages for mental anguish, and Plaintiffs ask for three times the amount of economic and mental anguish damages. Plaintiffs are also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

104. For negligent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages, along with court costs, interest, and attorney's fees.

105. For fraudulent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

106. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Page 21

107.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

108.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

109.   Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code and DTPA, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

REMOVAL_023

Respectfully submitted,

**MOSTYN LAW**


 /s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Unofficial Copy Office of Chris Daniel District Clerk

REMOVAL_024



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED_____
VERIFIED NC 04-26

## Civil Process Pick-Up Form

CAUSE NUMBER: 206-23329

ATY 10      CIV _____      COURT 190

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Mostia, John      * PH: 713-861-6616

*CIVIL PROCESS SERVER: _____

*PH: _____

*PERSON NOTIFIED SVC READY: Elizabeth Woolman

* NOTIFIED BY: WC

*DATE: 4.25.16

Type of Service Document: CiJ      Tracking Number 732 39647
Type of Service Document: W      Tracking Number 732 39665
Type of Service Document: C      Tracking Number 732 39644
Type of Service Document: W      Tracking Number 732 39641
Type of Service Document: _____      Tracking Number 732 39637
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____

Process papers prepared by: **Wanda Chambers**

Date: 4/15/16, 2016      30 days waiting 5 - 25 - 16

*Process papers released to: F. Vega JR
(PRINT NAME)

713/861-6616      (SIGNATURE)
*(CONTACT NUMBER)

*Process papers released by: Adrian Solis
(PRINT NAME)

A. Solis
(SIGNATURE)

* Date: 4/29/, 2016  Time: 3:00  AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging
REMOVAL_025

Entire document must be completed   (do not change this document)  Revised 1/9/2015

TO: WEISER, LARRY
    618  E 8TH 1/2 ST   HOUSTON  TX  77007
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>21st day of April, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 25th day of April, 2016, under my hand and seal of said Court.

<u>Issued at request of:</u>
MOSTYN, JOHN STEVEN
3810  W ALABAMA
HOUSTON, TX  77027
Tel: (713) 861-6616
<u>Bar No.:</u>  798389

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA RENEE  ULW//10363714

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____,

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____                   By _____
      Affiant                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
          Notary Public

N.INT.CITR.P                    *73239645*

**CAUSE NUMBER: 2016-25329**

JEFF BICKART AND STEPHANIE
BICKART
PLAINTIFF

VS.

TEXAS FARMERS INSURANCE
COMPANY, ET AL.
DEFENDANT

IN THE 190TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day DUSTIN TIERNEY, personally appeared before me and stated under oath as follows:

My name is **DUSTIN TIERNEY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday May 03, 2016 AT 02:06 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION,** came to hand for service upon **LARRY WEISER**.

On Thursday May 05, 2016 at 11:45 AM - The above named documents were delivered to: LARRY WEISER @ 8303 SOUTHWEST FWY SUITE 510, HOUSTON, TX 77074, U.S.A. by Personal Service.

**FURTHER AFFIANT SAYETH NOT.**

_____
**DUSTIN TIERNEY**
**SCH# 10178 EXP 02/28/19**

SWORN TO AND SUBSCRIBED before me by DUSTIN TIERNEY appeared on this _6_ day of _____May_____, 2016 to attest witness my hand and seal of office.

_____
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2016.05.141009

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

TO: WEISER INSURANCE GROUP LLC BY SERVING ITS REGISTERED AGENT
    LARRY J WEISER
    8303  SOUTHWEST FWY SUITE 510   HOUSTON  TX  77074
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>21st day of April, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 25th day of April, 2016, under my hand and
seal of said Court.

<u>Issued at request of</u>:                         CHRIS DANIEL, District Clerk
MOSTYN, JOHN STEVEN                              Harris County, Texas
3810  W ALABAMA                                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-6616
<u>Bar No.</u>:  798389                           Generated By: CHAMBERS, WANDA RENEE  ULW//10363714

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                         _____

                                         _____ of _____ County, Texas

_____       By _____
        Affiant                                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                         _____

                                                       Notary Public

N.INT.CITR.P                          *73239641*

REMOVAL_028

**CAUSE NUMBER: 2016-25329**

JEFF BICKART AND STEPHANIE BICKART
PLAINTIFF

VS.                                      IN THE 190TH JUDICIAL DISTRICT COURT OF
                                         HARRIS COUNTY, TEXAS

TEXAS FARMERS INSURANCE COMPANY, ET
AL.
DEFENDANT

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **DUSTIN TIERNEY**, personally appeared before me and stated under oath as follows:

My name is **DUSTIN TIERNEY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Tuesday May 03, 2016 AT 02:06 PM**, **CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **WEISER INSURANCE GROUP LLC BY SERVING ITS REGISTERED AGENT LARRY J WEISER**.

On **Thursday May 05, 2016 at 11:45 AM** - The above named documents were delivered to: **WEISER INSURANCE GROUP LLC BY DELIVERING TO ITS REGISTERED AGENT LARRY J WEISER @ 8303 SOUTHWEST FWY SUITE 510, HOUSTON, TX 77074, U.S.A.** by **Corporate Service.**

**FURTHER AFFIANT SAYETH NOT.**

DUSTIN TIERNEY
SCH# 10173 EXP 02/28/19

**SWORN TO AND SUBSCRIBED** before me by **DUSTIN TIERNEY** appeared on this ___6___ day of ___May___, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2016.05.141006

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

TO: WEISER, DAVID
    5910  VALKEITH DR    HOUSTON  TX  77096
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>21st day of April, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 25th day of April, 2016, under my hand and
seal of said Court.

<u>Issued at request of</u>:                    CHRIS DANIEL, District Clerk
MOSTYN, JOHN STEVEN                          Harris County, Texas
3810  W ALABAMA                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-6616
<u>Bar No.</u>:  798389                       Generated By: CHAMBERS, WANDA RENEE  ULW//10363714

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                            _____

                                        _____ of _____County, Texas

_____       By _____
         Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                                  Notary Public

N.INT.CITR.P                        *73239644*

**CAUSE NUMBER: 2016-25329**

JEFF BICKART AND STEPHANIE
BICKART
PLAINTIFF

VS.

TEXAS FARMERS INSURANCE
COMPANY, ET AL.
DEFENDANT

IN THE 190TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day JODI MATHIS HURST, personally appeared before me and stated under oath as follows:

My name is JODI MATHIS HURST. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON Tuesday May 03, 2016 AT 02:06 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon DAVID WEISER.

On Tuesday May 03, 2016 at 07:10 PM - The above named documents were delivered to: DAVID WEISER @ 5910 VALKEITH DR, HOUSTON, TX 77096, U.S.A. by Personal Service.

FURTHER AFFIANT SAYETH NOT.



JODI MATHIS HURST
SCH#4829 EXP 03/31/18

SWORN TO AND SUBSCRIBED before me by JODI MATHIS HURST appeared on this 6 day of _____ May _____, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.05.141018

CLAUDIA L. LEWIS
Notary Public, State of Texas
My Commission Expires
November 11, 2018

6/13/2016 4:16:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10631885
By: Deandra Mosley
Filed: 6/13/2016 4:16:59 PM

CAUSE NO.   201625329

RECEIPT NO.                          0.00        ATY
                  **********              TR # 73239637

| | |
|---|---|
| PLAINTIFF: BICKART, JEFF | In The    190th |
| vs. | Judicial District Court |
| DEFENDANT: TEXAS FARMERS INSURANCE COMPANY | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY
    CHRIS GRANGER
    15700  LONG VISTA DRIVE    AUSTIN  TX  78728 - 3822
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 21st day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 25th day of April, 2016, under my hand and
seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
MOSTYN, JOHN STEVEN                       Harris County, Texas
3810  W ALABAMA                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-6616
Bar No.:  798389                          Generated By: CHAMBERS, WANDA RENEE  ULW//10363714

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                         _____

                         _____ of _____County, Texas

                                         By

## CAUSE NO. 2016-25329

JEFF BICKART AND STEPHANIE
BICKART
VS.

IN THE 190TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
TEXAS

TEXAS FARMERS INSURANCE
COMPANY, ET AL.

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _05/05/16_ (DATE) AT _10 : 04_ (_A_) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY CHRIS GRANGER.

3. ON _05/05/16_ (DATE) AT _12 : 31_ (_P_) M (TIME) - The above named documents were delivered to: TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY CHRIS GRANGER by delivering to
_Julie Huerta - designated Agent_
(NAME AND TITLE), authorized agent for service @
_15700 Long Vista Dr., Austin TX 78728_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
SCH# _1181_  EXPIRATION: _07/31/17_

_BARBARA C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _05_ day of _May_ 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS



2016.05.141003

HARRISON STINNETT
MY COMMISSION EXPIRES
July 9, 2016

3/2016 11:54:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10621220
By: Arron Sonnier
Filed: 5/13/2016 11:54:33 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
|     Defendants. | § | 190TH JUDICIAL DISTRICT |

**WEISER DEFENDANTS' ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER,

LARRY WEISER, AND HILDA AGUILERA (collectively referred to as "Weiser Defendants"),

and file this Original Answer and Affirmative Defenses in response to Plaintiffs' Original Petition,

and would respectfully show the Court the following:

**I. DISCOVERY PLAN**

1.    Paragraph 1 of the Plaintiffs' Original Petition contains only a request to which no response

is required.

**II. PARTIES**

2.    Weiser Defendants are without information or knowledge sufficient to either admit or deny

the allegations contained in paragraph 2 of Plaintiffs' Original Petition. Weiser Defendants admit

David Weiser, Larry Weiser, and Hilda Aguilera have been correctly identified as part of Weiser

Insurance Group, LLC. Weiser Defendants specifically deny that suit can be maintained in the

individual capacity as the same are associated with Weiser Insurance Group, LLC, a corporation.

## III. JURISDICTION AND VENUE

3.      Weiser Defendants deny that the Texas state courts have jurisdiction of this dispute as such is the exclusive domain of the U.S. District Court encompassing the SFIP insured property at the time of the loss pursuant to 42 USC 4072 and 44 CFR. Pt. 61, App. A(1), Art. VII(r). Jurisdiction is appropriate in the federal court pursuant to 28 USC 1331, 1337. Supplemental jurisdiction is proper pursuant to 28 USC 1367. The allegations in paragraph 14 are admitted.

## IV. FACTUAL BACKGROUND

4.      In response to paragraph 15 in Plaintiffs' Original Petition, Weiser Defendants deny the policy at issue is a Texas Homeowners' Insurance Policy as the same is a FEMA flood policy issued through Texas Farmers Insurance Company, a write your own carrier ("WYOC").

5.      In response to paragraph 16 in Plaintiffs' Original Petition, Weiser Defendants admit the property is located at 5047 Glenmeadow Dr., Houston, TX 77096 in Harris County, Texas. Weiser Defendants are without knowledge or information sufficient to admit ownership and therefore the same is denied.

6.      In response to paragraph 17 in Plaintiffs' Original Petition, Weiser Defendants admit the flood policy issued through a WYOC was acquired through Weiser Insurance Group, LLC.

7.      In response to paragraphs 18 and 19 in Plaintiffs' Original Petition, Weiser Defendants deny these allegations.

8.      In response to paragraphs 20-43 in Plaintiffs' Original Petition, Weiser Defendants deny these allegations. Weiser Defendants admit Houston experienced a flood on May 26, 2015 but is without information and knowledge as to whether Plaintiffs' home suffered flood damage.

2

REMOVAL_035

## V. CAUSES OF ACTION

9.      Weiser Defendants deny Plaintiffs are entitled to recover as set out in paragraphs 58-81.

10.     If any of Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

11.     Weiser Defendants avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of the agents.

12.     Weiser Defendants affirmatively plead, without waiving any other defenses elsewhere asserted herein, that any allegations contained in Plaintiffs' Original Petition that has not been specifically admitted is hereby denied.

## VI. AFFIRMATIVE DEFENSES

13.     Weiser Defendants plead an offset for the $197,131.74 paid by Assurant for flood damages.

14.     Weiser Defendants plead accord and satisfaction by the payment from Assurant.

15.     Weiser Defendants plead all limitations, terms, and exclusions set out in the SFIP and the amount of structure and contents coverage in the Texas Farmers Insurance Company policy in place before the flood.

16.     Weiser Defendants plead negligence and contributory negligence against the Plaintiffs for not timely renewing the policy.

17.     Weiser Defendants deny attorney's fees are recoverable against a LLC under §38.001 of the Texas Civil Practice & Remedies Code.

3

## VII. GENERAL DENIAL

18.     In accordance with Rule 92 of the Texas Rules of Civil Procedure, Weiser Defendants generally deny the allegations contained in Plaintiffs' Original Petition, and any amendments and supplements thereto, and demands strict proof by a preponderance of the evidence as required by Texas law.

## VIII. RESERVATION OF RIGHTS

19.     Weiser Defendants reserve their right to supplement and amend this general denial and affirmative defenses to assert additional affirmative defenses as future discovery may warrant and require.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, Defendants Weiser Insurance Group, pray their answer be deemed good and sufficient and that after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiffs against these Defendants, with prejudice, at Plaintiffs' costs.

Respectfully submitted,

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 410
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER  INSURANCE  GROUP,  LLC,
DAVID WEISER, LARRY WEISER, AND
HILDA AGUILERA

4

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 13th day of May, 2016.

J. Steve Mostyn                                             *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027

/s/ E. Ray Edwards
E. Ray Edwards

5

5/17/2016 3:50:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10679455
By: Arron Sonnier
Filed: 5/17/2016 3:50:28 PM
Pgs-2
162P

**CAUSE NO. 2016-25329**

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § | IN THE DISTRICT COURT OF |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | § | |
|     **Defendants.** | § | **190TH JUDICIAL DISTRICT** |

## PLAINTIFFS' NOTICE OF PARTIAL NONSUIT WITHOUT PREJUDICE TO REFILING AS TO DEFENDANT TEXAS FARMERS INSURANCE COMPANY ONLY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jeff Bickart and Stephanie Bickart (collectively "Plaintiffs"), and give notice pursuant to Texas Rule of Civil Procedure 162 that Plaintiffs do not desire to pursue their claims against Defendant Texas Farmers Insurance Company (who was served at 15700 Long Vista Drive, Austin, Texas 78728) **only** at this time, and therefore nonsuits, without prejudice to refiling their claims as to **Defendant Texas Farmers Insurance Company only**.

Plaintiffs hereby give notice to this Court that Plaintiffs are nonsuiting, without prejudice to the refiling of all claims asserted against **Defendant Texas Farmers Insurance Company only**, effective immediately upon the filing of this Notice, with each party to bear its own costs.

Respectfully submitted,

**MOSTYN LAW**

   /s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 17th day of May, 2016 in accordance with the Rules of Civil Procedure.

    /s/ J. Steve Mostyn
    J. Steve Mostyn

Page 2

5/17/2016 3:50:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10679455
By: Arron Sonnier
Filed: 5/17/2016 3:50:28 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| **JEFF BICKART AND STEPHANIE BICKART,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY, WEISER INSURANCE** | § | |
| **GROUP, LLC, DAVID WEISER,** | § | |
| **LARRY WEISER, AND HILDA** | § | |
| **AGUILERA,** | § | |
| **Defendants.** | § | **190TH JUDICIAL DISTRICT** |

## PLAINTIFFS' NOTICE OF PARTIAL NONSUIT WITHOUT PREJUDICE TO REFILING AS TO DEFENDANT TEXAS FARMERS INSURANCE COMPANY ONLY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jeff Bickart and Stephanie Bickart (collectively "Plaintiffs"), and give notice pursuant to Texas Rule of Civil Procedure 162 that Plaintiffs do not desire to pursue their claims against Defendant Texas Farmers Insurance Company (who was served at 15700 Long Vista Drive, Austin, Texas 78728) **only** at this time, and therefore nonsuits, without prejudice to refiling their claims as to **Defendant Texas Farmers Insurance Company only**.

Plaintiffs hereby give notice to this Court that Plaintiffs are nonsuiting, without prejudice to the refiling of all claims asserted against **Defendant Texas Farmers Insurance Company only**, effective immediately upon the filing of this Notice, with each party to bear its own costs.

Respectfully submitted,

**MOSTYN LAW**


*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 17th day of May, 2016 in accordance with the Rules of Civil Procedure.


*/s/ J. Steve Mostyn*
J. Steve Mostyn

REMOVAL_042

5/17/2016 10:42:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10667778
By: Arron Sonnier
Filed: 5/17/2016 10:42:50 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## <u>NOTICE OF CHANGE OF ADDRESS</u>

Notice is hereby given of the following change of law firm address for counsel of record

for Weiser Insurance Group, LLC, David Weiser, Larry Weiser, and Hilda Aguilera, effective

immediately:

E. Ray Edwards
Gann & Edwards
7500 San Felipe, **Ste. 777**
Houston, TX 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net

Respectfully submitted,

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

Unofficial Copy Official Copy of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 17th day of May, 2016.

J. Steve Mostyn                                                    *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027


_/s/ E. Ray Edwards_
E. Ray Edwards

2

Case No.  201625329

**DCORX**

BICKART, JEFF

vs.

TEXAS FARMERS INSURANCE COMPAN

\*     IN THE DISTRICT COURT OF
\*
\*     HARRIS COUNTY, TEXAS
\*
\*     190th    JUDICIAL DISTRICT

Pgs-2

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **12/19/16**   **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **03/20/17**   Experts for parties seeking affirmative relief.
(b) **04/19/17**   All other experts.

3.   **STATUS CONFERENCE.**  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **03/20/17**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **04/19/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **05/19/17**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
(a) **05/19/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **05/19/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **05/19/17**   **CHALLENGES TO EXPERT TESTIMONY.**  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/19/17**   **PLEADINGS.**   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **06/12/17**   **DOCKET CALL**
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME: **09:00 AM**    Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/19/17**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 7/14/2016

*(signature)*

E. RAY EDWARDS
7500 SAN FELIPE ST STE 777
HOUSTON TX 77063-1709

3     6443700

PATRICIA J. KERRIGAN
Judge, 190TH DISTRICT COURT
Date Generated 06/30/2016

REMOVAL 045

JCVO02
rev.11202006

Case No.  201625329

BICKART, JEFF

vs.

TEXAS FARMERS INSURANCE COMPAN

\*
\*
\*
\*
\*

**DCORX**

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

190th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **12/19/16**   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **03/20/17**   Experts for parties seeking affirmative relief.
(b) **04/19/17**   All other experts.

3.   **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **03/20/17**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **04/19/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **05/19/17**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **05/19/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **05/19/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **05/19/17**   **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/19/17**   **PLEADINGS.**   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **06/12/17**    **DOCKET CALL**
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME: **09:00 AM**    Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/19/17**    **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

Signed: 7/14/2016

*Patricia J Kerrigan*

JOHN STEVEN MOSTYN
3810 W ALABAMA ST
HOUSTON TX 77027-5204

2      798389

PATRICIA J. KERRIGAN
Judge, 190TH DISTRICT COURT
Date Generated 06/30/2016

REMOVAL 046

JCVO02
rev.11202006

8/24/2016 10:11:15 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12335649
By: Tammy Tolman
Filed: 8/24/2016 10:11:15 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

### NOTICE OF SUBMISSION

**PLEASE TAKE NOTICE** that Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties is set for submission to the Court for a ruling on **Monday, September 19, 2016**, beginning at 8:00 a.m.

Respectfully submitted,

*/s/ E. Ray Edwards*
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER, and
HILDA AGUILERA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn                                                                      *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027


                                                   /s/ E. Ray Edwards
                                                   E. Ray Edwards

2

8/24/2016 10:11:15 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12335649
By: Tammy Tolman
Filed: 8/24/2016 10:11:15 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC. AS RESPONSIBLE THIRD PARTIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA (collectively referred to as "Weiser Defendants"), and file this Motion for Leave to Designate Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") as Responsible Third Parties, and in support of such, would respectfully show the Court the following:

## I.    BACKGROUND

1.    This case involves the absence of a Texas Farmers flood policy on the home of Jeff Bickart and Stephanie Bickart ("Plaintiffs") which sustained flood damage on or about May 26, 2015. Suit has been brought against Texas Farmers and the Weiser Defendants. Plaintiffs have non-suited Texas Farmers. Because of the absence of insurance, the Plaintiffs' mortgage company obtained a force-placed policy through Assurant to pay structure damage in an amount alleged to be inadequate to compensate the Plaintiffs.

2.      Plaintiffs sued Texas Farmers for (1) breach of contract; (2) violations of the Texas Insurance Code §541.060 and §542.055-58 and alleged Texas Farmers failed to advise Plaintiffs to renew the policy prior to the flood of May 26, 2015; (3) Texas Farmers wrongfully denied a claim for repairs to the property and the contents; (4) Texas Farmers committed fraud and intentional breach of insurance contract. Plaintiffs alleged against the Weiser Defendants (1) violations of the Texas Insurance Code §541.060; and (2) violations of the Texas Insurance Code §541.051 common law negligence, negligent misrepresentation and violations of the Texas Deceptive Trade Practices Act, specifically §17.46.

3.      Weiser Defendants file this Motion for Leave to Designate Texas Farmers as a responsible third party, these Defendants believe that to the extent there is any liability, which these Defendants deny, some or all of it is the responsibility of Texas Farmers. The allegation is made against Texas Farmers that the renewal notice was not received. These Defendants are not parties to a Texas Farmers insurance flood policy and notice of renewal comes only from Texas Farmers to the policyholder Plaintiffs. Therefore, Texas Farmers who is alleged to have failed to properly notify of the renewal and to advise of the time limits on the renewal of the policy should be made a responsible third party in this case.

4.      Plaintiffs allege that Assurant, a force-placed carrier by the mortgage company, paid flood damage to the home but nothing to the contents and an independent expert has assessed that Assurant failed to cover all of the damage in the amount of $63,000 in arrearage. Therefore, Assurant, who has the responsibility to pay all of the damages to the structure should be made a responsible third party since Plaintiffs are claiming there has been a deficiency.  On August 3, 2016, the Fifth Circuit Court of Appeals held that insured individuals had standing to amend their lawsuit to add their mortgage lender's flood insurer as a defendant despite the fact that the

2

individual Plaintiffs were not named insureds on the force-placed insurance policy. *See In Cotton v. Certain Underwriters at Lloyds of London*, 2016 WL 4083901, (5th Cir. 2016). In this case, the insurance company who carried the force-placed policy filed a motion to dismiss claiming the property owners did not have standing to enforce the flood policy because they were not parties to the policy. The Fifth Circuit held that all the owners of the property needed to show was that they had been injured, that the insurance company caused the injury, and that the relief they request would compensate them for the damages. Thus, Assurant, who Plaintiffs claim made inadequate payments to the Bickarts' home, should be made a responsible third party in this case.

5.      For these reasons, Texas Farmers and Assurant should be designated as responsible third parties in this matter.

## II.      ARGUMENT

6.      As amended by the Texas Legislature in 2011, Texas Civil Practices & Remedies Code §33.004 provides that the court can allocate fault to any person, regardless of whether that person is a party to the action:

(a)      A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

…

(h)      By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

Tex. Civ. Prac. & Rem. Code §33.004(a), (h) (Vernon 2008 & Supp. 2012).

3

7.     This Court currently has this case set for trial on June 19, 2017 and the joinder cutoff date is December 19, 2016. The Weiser Defendants would show this filing is within the time period specified by Texas law and hereby gives notice that Texas Farmers and Assurant should be included in the allocation of fault by the jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA, pray that this Court include Texas Farmers Insurance Company and Assurant, Inc. as responsible third parties in the charge to the jury as provided by Texas law and for such other and further relief to which the Court may find the Weiser Defendants to be entitled at law or equity.

Respectfully submitted,

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

## CERTIFICATE OF CONFERENCE

This certifies that on August 17, 2016, counsel for the Weiser Defendants sent a copy of this Motion to counsel for Jeff Bickart and Stephanie Bickart asking if he was opposed or agreed to the Motion. As of the date of the filing of this Certificate of Conference, counsel for Plaintiffs has not responded and this should be considered opposed.

/s/ E. Ray Edwards
E. Ray Edwards

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027

*Via E-filing*

/s/ E. Ray Edwards
E. Ray Edwards

5

8/24/2016 10:11:15 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12335649
By: Deandra Mosley
Filed: 8/24/2016 10:11:15 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be considered Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties. The Court having considered the said Motion is of the opinion that Weiser Defendants' Motion should be GRANTED.

Therefore, it is ORDERED that Texas Farmers Insurance Company and Assurant, Inc. are hereby designated as Responsible Third Parties in Cause No. 2016-25329.

SIGNED this _____ day of _____, 2016.

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

Submitted by:

*/s/ E. Ray Edwards*
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

2

Unofficial Copy Office of Chris Daniel District Clerk

9/8/2016 5:24:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12602327
By: Tammy Tolman
Filed: 9/8/2016 5:24:18 PM

### CAUSE NO. 2016-25329

| | | |
|---|---|---|
| **JEFF BICKART AND STEPHANIE BICKART,** | § | **IN THE DISTRICT COURT OF** |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY, WEISER INSURANCE** | § | |
| **GROUP, LLC, DAVID WEISER,** | § | |
| **LARRY WEISER, AND HILDA** | § | |
| **AGUILERA,** | § | |
|     **Defendants.** | § | **190TH JUDICIAL DISTRICT** |

### PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSE TO WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC. AS RESPONSIBLE THIRD PARTIES

TO THE HONORABLE PATRICIA J. KERRIGAN:

Pursuant to Chapter 33.004(f) of the Texas Civil Practice and Remedies Code, Jeff Bickart and Stephanie Bickart ("Plaintiffs") file their First Amended Objections and Response to Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties. In support of denying Defendants' Motion for Leave, Plaintiffs would respectfully show this Honorable Court the following:

### INTRODUCTION

1.      This is an insurance claim dispute by Plaintiffs for damage to their real property caused by the historic Memorial Day Flood, which occurred in Harris County on or about May 26, 2015. Plaintiffs are the owner of an insurance policy which was sold, issued, and placed by, Plaintiffs' Insurance Agents, Defendants Weiser Insurance Group, LLC ("Weiser Insurance"), David Weiser.

("David"), Larry Weiser ("Larry"), and Hilda Aguilera ("Aguilera") (collectively referred as "Weiser Defendants") on behalf of Texas Farmers.

## SUMMARY OF ARGUMENT

2.     Based on the lack of evidentiary or legal basis, the Court should deny Weiser Defendants' request to designate Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") as responsible third parties:

> ➢ Texas does not recognize a claim for comparative bad faith against Plaintiffs as it is not a valid cause of action and/or defense.  As a matter of law, Weiser Defendants should be precluded from designating Texas Farmers and Assurant as responsible third parties;

> ➢ Weiser Defendants failed to plead sufficient facts to place Plaintiffs on fair notice concerning the allegedly responsibility of Texas Farmers and Assurant; and

> ➢ Texas Farmers and Assurant cannot be held liable for Plaintiffs' damages caused by Weiser Defendants' breach of duty to Plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

3.     Prior to May 2015, Plaintiffs repeatedly attempted to contact Weiser Defendants via telephone and email, regarding renewal of the flood insurance policy that covered their home and personal property.

4.     Weiser Defendants failed to reasonably notify Plaintiffs that their policy would expire on April 20, 2015 and failed to procure reasonably flood insurance coverage for Plaintiffs.

5.     Plaintiffs have alleged that but for Weiser Defendants actions, Plaintiffs would have purchased a renewal policy and their home and personal property would have been insured from the resulting damage.

6.     As a result, Plaintiffs brought suit against Weiser Defendants for damages resulting from the mishandling of Plaintiffs' policy.  Plaintiffs brought causes of action for negligence, intentional

REMOVAL_057

violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud.

7.      Plaintiffs filed suit on April 21, 2016.

8.      On August 24, 2016, Weiser Defendants filed their Motion for Leave, arguing that Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") should be designated as a responsible third parties pursuant to Chapter 33.004 of the Texas Civil Practices & Remedies Code ("C.P.R.C."). Plaintiffs offer the following arguments and authorities demonstrating why Weiser Defendants' Motion should be denied.

## ARGUMENT & AUTHORITIES

9.      Weiser Defendants' request for relief should fail for the following reasons.

### A.   COMPARATIVE BAD FAITH IS NOT RECOGNIZED IN TEXAS.

10.     Weiser Defendants have not plead in its Motion or Answer any legal sufficient basis for the Court to conclude that comparative bad faith is a viable defense recognized in Texas. The concept of an affirmative defense of comparative bad faith, that is, a defense which can be asserted to reduce an insurer's liability based on the bad faith of the insured. "Because comparative responsibility involves measuring the parties' comparative fault in causing plaintiff's injuries, it necessitates, a preliminary finding that the Plaintiff was in fact contributorily negligent."[1]  In essence, Weiser Defendants are impliedly trying to prove that Plaintiffs were negligent and such purported negligence was the proximate cause of Plaintiffs' injuries.[2]  Texas law does not allow Weiser Defendants to engage in such deceptive shenanigans.[3]

---

[1] *Block v. Mora,* 314 S.W.3d 440, 445 (Tex. App.—Amarillo 2009, pet. dism'd), *disapproved on other grounds, Thota v. Young,* 366 S.W.3d 678 (Tex. 2012).
[2] *Id.*
[3] *Waite Hill Serv., Inc. v. World Class Metal Works, Inc.,* 935 S.W.2d 197, 201 (Tex. App.—Fort Worth 1996, no writ), rev'd on other grounds, 959 S.W.2d 182 (Tex. 1998) ("Texas has not recognized a principle of law known as 'comparative bad faith,' and we decline to do so now."); *Southland Lloyd's Ins. Co. v. Tomberlain,* 919 S.W.2d 822, 825 (Tex. App. 1996) (The court declined to recognize a new defense in bad faith insurance cases of comparative bad

REMOVAL_058

11.    Weiser Defendants' claim to designate Texas Farmers and Assurant, Inc. as responsible third parties assumes comparative fault can apply in bad faith actions.   Contrary to Weiser Defendants' claim, it cannot.   Therefore, Weiser Defendants do not have standing to designate Texas Farmers and Assurant as responsible third parties because Texas law precludes the court from presenting a jury question or instruction regarding comparative bad faith.

12.    Asserting a claim of comparative bad faith by designating a responsible third party is not an independent cause of action but is instead a derivative one.[4]   While proportionate-responsibility scheme applies generally to any cause of action based on tort, Texas courts have not recognized the doctrine of comparative bad faith, which would allow an agent or insurer to assert as a defense that the insured themselves acted in bad faith.[5]

13.    The duty of good faith and fair dealing had its genesis in Texas jurisprudence in the Supreme Court's opinion in *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).   There the Court held that a special relationship exists in the "insurance context" because of the unequal bargaining power and the nature of insurance contracts which give insurers a significant advantage in dealing with their insureds.   In expanding on that concept, the Court noted insurance contracts were such as to allow "unscrupulous" insurance companies to take advantage of the insured's misfortunes in bargaining for settlement or resolution of claims.   The Court went on to note that "insurers can arbitrarily deny coverage and delay payment of a claim" and that the insurer "has exclusive control over the valuation, processing and denial of claims."   Based on those inequities arising as a matter of course out of an insurance contract relationship the

---

faith.); *Texas Farmers Ins. Co. v. Soriano*, 844 S.W.2d 808, 815 n.5 (Tex. App.—San Antonio 1992), rev'd on other grounds, 881 S.W.2d 312 (Tex. 1994); *Tex. Farmers Ins. Co. v. Soriano*, 844 S.W.2d 808, 815 n.5 (Tex. App.—San Antonio 1992), rev'd on other grounds, 881 S.W.2d 312 (Tex. 1994).
[4] *Goose Creek Consol. Indep. Sch. Dist. of Chambers & Harris Cntys., Tex. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 495 (Tex. App.—Texarkana 2002, pet. denied) (holding that school district could recover against plumbing subcontractor for negligent construction of pipes);
[5] *Waite Hill Serv., Inc.*, 935 S.W.2d at 201; *Tomberlain*, 919 S.W.2d at 825; *Soriano*, 844 S.W.2d at 815 n.5.

Supreme Court created what has now come to be known as "the duty of good faith and fair dealing."

14.     Analyzing whether the trial court abused its discretion, the *Tomberlain* Court stated the following with respect to comparative bad faith:

> While I do not quarrel with some of my colleagues' suggestion that the time may have come for the Texas Supreme Court to look at "comparative Bad Faith," the fact remains that a trial court cannot be reversed unless it has committed reversible error. **There is no dispute that a "Comparative Bad Faith" Doctrine does not now exist in Texas law, nor was the trial court in this case requested to submit a charge with such issues or instructions by any of the parties**. Therefore, how has the trial court committed reversible error? [6]

Because the duty of the insured is not the same as the duty of the insurer under an insurance policy, the Court reasoned that it would not be equitable or fair to offset the parties' respective liability by comparative fault. Therefore, juries in bad faith claims are not permitted to reduce an insurer's liability by the insured's percentage of fault. The affirmative defense of comparative bad faith, then, no longer exists in Texas.

15.     In addition to Texas, most courts decline to recognize either defense based in part on the view that the imposition of tort or extra contractual liability on insurers is justified by "special factors inapplicable to the insured."[7] In contrast to the broad based support for imposing tort liability on insurers when they knowingly or recklessly fail to fulfill their duties of good faith and fair dealing, most courts are hesitant to impose reciprocal tort based duties on insureds.

16.     In *Kransco*, the California Supreme Court declined to follow an earlier California Court of Appeals decision which "for the first time held that in a bad faith action the insurer could interpose as a defense the tort concept of comparative fault, in an entirely new form known as comparative

---

[6] 919 S.W.2d at 825.
[7] *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390 (Cal. 2000).

- 5 -

REMOVAL_060

bad faith."[8]   In holding that California Casualty had been wrongly decided, the *Kransco* court concluded that "allowing an insurer to assert a defense of comparative bad faith . . . misleadingly equates an insured's contractual breach of the reciprocal covenant of good faith and fair dealing with an insurer's tortious breach of the covenant."[9]   In rejecting this defense, the *Kransco* court noted that "California Casualty is the only published California appellate decision to have discussed the issue and affirmatively recognized a comparative bad faith defense in the insurance bad faith arena."[10]   The court also noted that courts in several other jurisdictions, including Oklahoma, Montana, Iowa, ***Texas***, Oregon, Florida and Hawaii, have rejected the defenses of comparative or reverse bad faith.[11]

17.     To suggest that the same duty of good faith and fair dealing that is imposed upon an insurer for the benefit of its insured applies to the insured for the benefit of the insurer is patently incomprehensible.   How could anyone reasonably argue that the insured has the superior bargaining power or the ability to "take advantage of the [insurance company's] misfortunes in bargaining for settlement or resolution of claims" or that an insured has a "significant advantage in dealing with" his insurer?

18.     Comparative fault principles seemingly result in an incongruity when applied in bad faith cases. This same will occur if allowed in this matter.   Accordingly, Weiser Defendants' so-called "comparative bad faith defense" against the insurer has no merit in law or fact.

## B. WEISER DEFENDANTS' MOTION IS INADEQUATE.

19.     Plaintiffs object to Weiser Defendants' inadequate Motion for Leave because it does not identify why Texas Farmers and Assurant, the purported responsible third parties, should be

---

[8] *California Casualty Gen. Ins. Co. v. Superior Court*, 173 Cal.App.3d 274, 283 (1985).
[9] 23 Cal. 4th at 406.
[10] *Id.* at 407.
[11] *Id.*

- 6 -

REMOVAL_061

designated as such. Weiser Defendants fail to cite any legal or factual support for their contention regarding Texas Farmers and Assurant's liability for damages.

20.    Under Texas law, a defendant that designates a responsible third party is required to comply with the fair notice pleading requirement—the designation must set forth a statement of the cause of action sufficient to give fair notice of the claim involved.[12]   The defendant designating the responsible third party has to plead in its motion for leave sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.[13]   Thus, Weiser Defendants in their Motion for Leave had the obligation to state the causes of action, setting forth their elements, for which the third party is responsible, and the facts supporting those allegations. Defendants have failed do so.

21.    Weiser Defendants' Motion for Leave merely consists of conclusory assertions that "Texas Farmers who is alleged to have failed to properly notify of the renewal and to advise of the time limits on the renewal of the policy should be made a responsible third party in this case" because "Defendants are not parties to a Texas Farmers insurance flood policy and notice of renewal comes only from Texas Farmers to the policyholder plaintiffs."[14]   In regards to Assurant, Weiser Defendants make the conclusory assertion that "Assurant, who has the responsibility to pay all of the damages to the structure should be made a responsible third party since Plaintiffs are claiming there has been a deficiency."[15]

22.    Weiser Defendants do not state the causes of actions, setting forth their elements, for which the third parties are responsible, and the facts supporting those allegations for neither Texas

---

[12] *See* C.P.R.C. §33.004(g)(1); TEX. R. CIV. P. 47(a); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896-97 (Tex. 2000); *Boyles v. Kerr*, 855 S.W.2d 593, 601(Tex. 1993).
[13] *Helm v. Kingston*, 2011 Tex. App. LEXIS 10024, 2011 WL 6746064 (Tex. App.—Corpus Christi Dec. 21, 2011).
[14] Plaintiffs' "Exhibit A," p. 2 ¶ 3, Weisar Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties.
[15] *Id.* p. 2 ¶ 4.

- 7 -

Farmers nor Assurant.  As such, Weiser Defendants have not complied with the fair notice requirement, and their Motion for Leave should be denied.

23.     In fact, and more importantly, Weiser Defendants will not be able to comply with this requirement.  A responsible third party is defined as "*any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.*"[16]  From Weiser Defendants' scant allegations it can be gleaned that they contend that Texas Farmers and Assurant are responsible for the damages sustained by Plaintiffs.  However, it is impossible to fathom how Texas Farmers and Assurant can be responsible for the damages sustained by Plaintiffs as a result of Weiser Defendants' negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud.  In short, Weiser Defendants' contentions regarding the adding of these proposed third parties are completely illogical. As such, Defendants' Motion for Leave should be denied.

## C. DUTY OF WEISER DEFENDANTS AS INSURANCE AGENTS

24.     There is a general rule that an insurance agent that is being paid for his service of procuring an insurance policy for another, but fails to do so, will be held liable for his failure to do so.[17]  Whether an agent exercises reasonable diligence in attempting to procure the policy will not relieve that agent of liability where he has failed to notify the insured of his inability to obtain the insurance.[18]  Furthermore, the Texas Supreme Court, in *May v. USAA*, stated that an agent is

---

[16] *Helm,* 2011 Tex. App. LEXIS 10024 (emphasis added).
[17] *Burroughs v. Bunch,* 210 S.W.2d 211, 214 (Tex. Civ. App.—El Paso 1948, writ ref'd).
[18] *Powell v. Narried,* 463 S.W.2d 43, 45 (Tex. Civ.—El Paso 1971, writ ref'd n.r.e.).

REMOVAL_063

required "to keep his or her clients fully informed so that they can remain safely insured."[19] Weiser Defendants breached these duties by not keeping Plaintiffs informed of their policy renewal, even if Texas Farmers had its own duty, because an agent has a duty to renew a policy, replace it, or notify the client of non-renewal.[20] The resulting liability of failing to inform the Plaintiffs of the renewal falls on Weiser Defendants, and not on either Texas Farmers or Assurant so neither should be designated as responsible third-parties.

25.      Weiser Defendants are individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Texas Farmers, because they are individually each a "person," as defined by TEX. INS. CODE §541.002(2). Plaintiffs have pled that their damages resulted from Weiser Defendants' negligent and intentional actions which have nothing to do with Texas Farmers or Assurant.

26.      Plaintiffs' amended petition reflects that the allegations made are entirely against Weiser Defendants and not Texas Farmers. Plaintiffs non-suited Texas Farmers once they realized that Texas Farmers was not liable, prior to Weiser Defendants filing a response. To the extent that Texas Farmers had a duty to provide notice of the renewal of the policy, Texas Farmers fulfilled this duty. Weiser Defendants, as agents, are the primary party of processing and placing the coverage. Texas Farmers' duty was never triggered because there was no duty to Plaintiffs until Weiser Defendants had procured and placed the coverage on the property. As such, Weiser Defendants have the responsibility of knowing of and notifying the Plaintiffs of the renewal policy because Plaintiffs were paying the policy premiums to the Weiser Defendants.

27.      Even if Weiser Defendants have a right to recover from Texas Farmers or Assurant, any amount paid to Plaintiff on her claim, Texas Farmers or Assurant can never be responsible for

---

[19] *May v. United Services Ass'n of America,* 844 S.W.2d 666 (Tex.1992).
[20] *Trinity Universal Ins. Co. v. Burnette,* 560 S.W.2d 440 (Tex. App.—Beaumont 1977, no writ).

REMOVAL_064

Weiser Defendants' own wrongful conduct.   Weiser Defendants cannot comply with the requirement of showing how Texas Farmers or Assurant have caused or contributed to causing the harm to Plaintiffs that resulted from the negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud by Weiser Defendants. Therefore, Weiser Defendants' Motion should be denied in its entirety.

28.    While Plaintiffs do not believe Weiser Defendants can correct the procedural defects contained in their motion, alternatively, Plaintiffs' request that the Court order Weiser Defendants to replead sufficient facts concerning the alleged responsibility of Texas Farmers and Assurant.[21]

For the foregoing reasons, Plaintiffs pray that this Court deny Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties.  Plaintiffs also request any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas  77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

---

[21] TEX. CIV. PRAC. REM CODE § 33.004(g).

REMOVAL_065

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 8th day of September, 2016.

/s/ J. Steve Mostyn
J. Steve Mostyn

Unofficial Copy Office of Chris Daniel District Clerk

REMOVAL_066

Gann & Edwards          Received Wed 08/24/16 10:11 AM

# TRCP 21a. - Service by Telephonic Transfer

As provided by TRCP 21a, this document is sent to you using FileTime Fax Service.

**Date:**              08/24/16 10:11:AM

**To:**                J. Steve Mostyn

**Fax Number:**        (713) 714-1111

**From:**              Tabitha Brysch
                       Gann & Edwards
                       7500 San Felipe, Ste. 777
                       Houston, TX 77063

**Phone Number:**      (713) 787-0003

**Re:**

**Service Document      Motion (No Fee) (Weiser Defendants Motion for Leave to
(s):**                  Designa.pdf)
                        Proposed Order (Order.pdf)
                        Notice (Notice of Submission.pdf)

**Case Number**         201625329

**Court**               harris:dccv190

**Jurisdiction**        Harris County - 190th Civil District Court

**Total Number of Pages:** 10 (including cover sheet)

## PRIVILEGED AND CONFIDENTIAL

This facsimile transmission may contain privileged confidential information and is intended for the sole use of the addressee. If you are not the intended recipient, or the person responsible to deliver the message to the intended recipient, you are hereby advised that any dissemination, distribution or copying of this communication is prohibited. If you have received this facsimile in error, please notify the sender and destroy all copies of the original facsimile message.



EXHIBIT
**A**
REMOVAL_067

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

**WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE
TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC.
AS RESPONSIBLE THIRD PARTIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA (collectively referred to as "Weiser Defendants"), and file this Motion for Leave to Designate Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") as Responsible Third Parties, and in support of such, would respectfully show the Court the following:

## I.    BACKGROUND

1.     This case involves the absence of a Texas Farmers flood policy on the home of Jeff Bickart and Stephanie Bickart ("Plaintiffs") which sustained flood damage on or about May 26, 2015. Suit has been brought against Texas Farmers and the Weiser Defendants. Plaintiffs have non-suited Texas Farmers. Because of the absence of insurance, the Plaintiffs' mortgage company obtained a force-placed policy through Assurant to pay structure damage in an amount alleged to be inadequate to compensate the Plaintiffs.

2.      Plaintiffs sued Texas Farmers for (1) breach of contract; (2) violations of the Texas Insurance Code §541.060 and §542.055-58 and alleged Texas Farmers failed to advise Plaintiffs to renew the policy prior to the flood of May 26, 2015; (3) Texas Farmers wrongfully denied a claim for repairs to the property and the contents; (4) Texas Farmers committed fraud and intentional breach of insurance contract. Plaintiffs alleged against the Weiser Defendants (1) violations of the Texas Insurance Code §541.060; and (2) violations of the Texas Insurance Code §541.051 common law negligence, negligent misrepresentation and violations of the Texas Deceptive Trade Practices Act, specifically §17.46.

3.      Weiser Defendants file this Motion for Leave to Designate Texas Farmers as a responsible third party, these Defendants believe that to the extent there is any liability, which these Defendants deny, some or all of it is the responsibility of Texas Farmers. The allegation is made against Texas Farmers that the renewal notice was not received. These Defendants are not parties to a Texas Farmers insurance flood policy and notice of renewal comes only from Texas Farmers to the policyholder Plaintiffs. Therefore, Texas Farmers who is alleged to have failed to properly notify of the renewal and to advise of the time limits on the renewal of the policy should be made a responsible third party in this case.

4.      Plaintiffs allege that Assurant, a force-placed carrier by the mortgage company, paid flood damage to the home but nothing to the contents and an independent expert has assessed that Assurant failed to cover all of the damage in the amount of $63,000 in arrearage. Therefore, Assurant, who has the responsibility to pay all of the damages to the structure should be made a responsible third party since Plaintiffs are claiming there has been a deficiency.  On August 3, 2016, the Fifth Circuit Court of Appeals held that insured individuals had standing to amend their lawsuit to add their mortgage lender's flood insurer as a defendant despite the fact that the

2

individual Plaintiffs were not named insureds on the force-placed insurance policy. *See In Cotton v. Certain Underwriters at Lloyds of London*, 2016 WL 4083901, (5th Cir. 2016). In this case, the insurance company who carried the force-placed policy filed a motion to dismiss claiming the property owners did not have standing to enforce the flood policy because they were not parties to the policy. The Fifth Circuit held that all the owners of the property needed to show was that they had been injured, that the insurance company caused the injury, and that the relief they request would compensate them for the damages. Thus, Assurant, who Plaintiffs claim made inadequate payments to the Bickarts' home, should be made a responsible third party in this case.

5.     For these reasons, Texas Farmers and Assurant should be designated as responsible third parties in this matter.

## II.     ARGUMENT

6.     As amended by the Texas Legislature in 2011, Texas Civil Practices & Remedies Code §33.004 provides that the court can allocate fault to any person, regardless of whether that person is a party to the action:

   (a)     A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

   ...

   (h)     By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

Tex. Civ. Prac. & Rem. Code §33.004(a), (h) (Vernon 2008 & Supp. 2012).

3

7.    This Court currently has this case set for trial on June 19, 2017 and the joinder cutoff date is December 19, 2016. The Weiser Defendants would show this filing is within the time period specified by Texas law and hereby gives notice that Texas Farmers and Assurant should be included in the allocation of fault by the jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA, pray that this Court include Texas Farmers Insurance Company and Assurant, Inc. as responsible third parties in the charge to the jury as provided by Texas law and for such other and further relief to which the Court may find the Weiser Defendants to be entitled at law or equity.

Respectfully submitted,

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
cray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

## CERTIFICATE OF CONFERENCE

This certifies that on August 17, 2016, counsel for the Weiser Defendants sent a copy of this Motion to counsel for Jeff Bickart and Stephanie Bickart asking if he was opposed or agreed to the Motion. As of the date of the filing of this Certificate of Conference, counsel for Plaintiffs has not responded and this should be considered opposed.

/s/ E. Ray Edwards
E. Ray Edwards

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn                                          *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027


/s/ E. Ray Edwards
E. Ray Edwards

5

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
|   Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
|   Defendants. | § | 190TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be considered Defendants, WEISER INSURANCE GROUP, LLC,

DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate

Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties. The Court

having considered the said Motion is of the opinion that Weiser Defendants' Motion should be

GRANTED.

Therefore, it is ORDERED that Texas Farmers Insurance Company and Assurant, Inc. are

hereby designated as Responsible Third Parties in Cause No. 2016-25329.

SIGNED this _____ day of _____, 2016.


_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

Submitted by:

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
cray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

2

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

**PLEASE TAKE NOTICE** that Defendants, WEISER INSURANCE GROUP, LLC,

DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate

Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties is set for

submission to the Court for a ruling on **Monday, September 19, 2016**, beginning at 8:00 a.m.

Respectfully submitted,

*/s/ E. Ray Edwards*
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
cray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER, and
HILDA AGUILERA

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn                                           *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027

                                        /s/ E. Ray Edwards
                                        E. Ray Edwards

2

Unofficial Copy Office of Chris Daniel District Clerk

9/15/2016 11:35:45 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12718573
By: Tammy Tolman
Filed: 9/15/2016 11:35:45 AM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § § § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | § § § § § § | |
|     Defendants. | § | 190TH JUDICIAL DISTRICT |

## NOTICE OF ORAL HEARING

Please take notice that the Court will conduct an oral hearing for *Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties* on Monday, October 10, 2016 at 1:30 p.m. in the 190th District Court of Harris County, Texas.

Respectfully submitted,

MOSTYN LAW

*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 15th day of September, 2016 in accordance with the Rules of Civil Procedure.

*/s/ J. Steve Mostyn*
J. Steve Mostyn

9/8/2016 5:24:18 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 12602327
By: TOLMAN, TAMMY E
Filed: 9/8/2016 5:24:18 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § | IN THE DISTRICT COURT OF |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | §§§§§ | |
|     **Defendants.** | § | 190TH JUDICIAL DISTRICT |

### ORDER DENYING WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC. AS RESPONSIBLE THIRD PARTIES

The Court having considered Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties, Plaintiffs' First Amended Objections and Response, the arguments of counsel, and any applicable law, is of the opinion that the motion should be denied; accordingly, it is,

ORDERED that Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties is DENIED.

SIGNED this _____ day of _____, 2016.

_____
JUDGE PATRICIA J. KERRIGAN

Unofficial Copy Office of Chris Daniel District Clerk

9/8/2016 2:05:15 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12593101
By: Tammy Tolman
Filed: 9/8/2016 2:05:15 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART,<br>　　　**Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA,<br>　　　**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **190TH JUDICIAL DISTRICT** |

## PLAINTIFFS' OBJECTIONS AND RESPONSE TO WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC. AS RESPONSIBLE THIRD PARTIES

TO THE HONORABLE JUDGE PATRICIA J. KERRIGAN:

COME NOW, Jeff Bickart and Stephanie Bickart ("Plaintiffs"), and file this *Plaintiffs'*

*Objections and Response to Weiser Defendants' Motion for Leave to Designate Texas Farmers*

*Insurance Company and Assurant, Inc. as Responsible Third Parties,* and ask the Court to deny

the Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and

Assurant, Inc. as Responsible Third Parties ("Motion for Leave") filed by Defendants Weiser

Insurance Group, LLC ("Weiser Insurance"), David Weiser. ("David"), Larry Weiser ("Larry"),

and Hilda Aguilera ("Aguilera") (collectively referred as "Weiser Defendants"). In support of

denying Defendants' Motion for Leave, and pursuant to the Texas Rule of Civil Procedure,

Plaintiffs would respectfully show this Honorable Court the following:

### I.　　BACKGROUND

REMOVAL_080

1.      This is an insurance claim dispute by Plaintiffs for damage to their real property caused by Hurricane Ike.  Plaintiffs are the owner of an insurance policy which was sold, issued, and placed by, Plaintiffs' Insurance Agents, the Weiser Defendants on behalf of Texas Farmers.

2.      Prior to May 2015, Plaintiffs repeatedly attempted to contact Weiser Defendants via telephone and email, regarding renewal of the flood insurance policy that covered their home and personal property.

3.      Weiser Defendants failed to reasonably notify Plaintiffs that their policy would expire on April 20, 2015 and failed to reasonably procure flood insurance coverage and/or renewal for Plaintiffs.

4.      Plaintiffs have alleged that but for Weiser Defendants actions and/or omissions and/or inactions, Plaintiffs would Policy would have been timely renewed, and their home and personal property would have been insured from the resulting damage.

5.      As a result, Plaintiffs brought suit against Weiser Defendants for damages resulting from the mishandling of Plaintiffs' policy.  Plaintiffs brought causes of action for negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud.

6.      Plaintiffs filed suit on April 21, 2016.

7.      On August 24, 2016, Defendants filed their Motion for Leave, arguing that Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") should be designated as a responsible third parties pursuant to Chapter 33.004 of the Texas Civil Practices & Remedies Code ("C.P.R.C.").   Plaintiffs offer the following arguments and authorities demonstrating why Defendants' Motion for Leave should be denied.

## II.    ARGUMENT & AUTHORITIES

REMOVAL_081

## A.   WEISER DEFENDANTS' MOTION IS INADEQUATE.

8.      Plaintiffs object to Weiser Defendants' inadequate Motion for Leave because it does not identify why Texas Farmers and Assurant, the purported responsible third parties, should be designated as such.  Weiser Defendants fail to cite any legal or factual support for their contention regarding Texas Farmers and Assurant's liability for damages.

9.      Under Texas law, a defendant that designates a responsible third party is required to comply with the fair notice pleading requirement—the designation must set forth a statement of the cause of action sufficient to give fair notice of the claim involved.[1] The defendant designating the responsible third party has to plead in its motion for leave sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.[2] Thus, Weiser Defendants in their Motion for Leave had the obligation to state the causes of action, setting forth their elements, for which the third party is responsible, and the facts supporting those allegations.  Defendants have failed do so.

10.     Weiser Defendants' Motion for Leave merely consists of conclusory assertions that "Texas Farmers who is alleged to have failed to properly notify of the renewal and to advise of the time limits on the renewal of the policy should be made a responsible third party in this case" because "Defendants are not parties to a Texas Farmers insurance flood policy and notice of renewal comes only from Texas Farmers to the policyholder plaintiffs."[3] In regards to Assurant, Weiser Defendants make the conclusory assertion that "Assurant, who has the responsibility to pay all of the damages to the structure should be made a responsible third party since Plaintiffs are claiming there has been a deficiency."[4]

---

[1] *See* C.P.R.C. §33.004(g)(1); TEX. R. CIV. P. 47(a).
[2] *Helm v. Kingston*, 2011 Tex. App. LEXIS 10024, 2011 WL 6746064 (Tex. App. Corpus Christi Dec. 21, 2011).
[3] Plaintiffs' "Exhibit A," at 2, attached hereto and incorporated herein.
[4] *Id.*

Page 3

11.     Weiser Defendants do not state the causes of actions, setting forth their elements, for which the third parties are responsible, and the facts supporting those allegations for neither Texas Farmers nor Assurant. As such, Weiser Defendants have not complied with the fair notice requirement, and their Motion for Leave should be denied.

12.     In fact, and more importantly, Weiser Defendants will not be able to comply with this requirement. A responsible third party is defined as "*any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.*"[5] From Weiser Defendants' scant allegations it can be gleaned that they contend that Texas Farmers and Assurant are responsible for the damages sustained by Plaintiffs. However, it is impossible to fathom how Texas Farmers and Assurant can be responsible for the damages sustained by Plaintiffs as a result of Weiser Defendants' negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud. In short, Weiser Defendants' contentions regarding the adding of these proposed third parties are completely illogical. As such, Defendants' Motion for Leave should be denied.

## B. DUTY OF WEISER DEFENDANTS AS INSURANCE AGENTS

13.     There is a general rule that an insurance agent that is being paid for his service of procuring an insurance policy for another, but fails to do so, will be held liable for his failure to do so.[6] Whether an agent exercises reasonable diligence in attempting to procure the policy will not relieve that agent of liability where he has failed to notify the insured of his inability to obtain the

---

[5] *Helm*, 2011 Tex. App. LEXIS 10024 (emphasis added).
[6] *Burroughs v. Bunch*, 210 S.W.2d 211, 214 (Tex.Civ.App.—El Paso 1948, writ ref'd).

REMOVAL_083

insurance.[7] Furthermore, the Texas Supreme Court, in *May v. USAA*, stated that an agent is required "to keep his or her clients fully informed so that they can remain safely insured."[8] Weiser Defendants breached these duties by not keeping Plaintiffs informed of their policy renewal, even if Texas Farmers had its own duty, because an agent has a duty to renew a policy, replace it, or notify the client of non-renewal.[9] The resulting liability of failing to inform the Plaintiffs of the renewal falls on Weiser Defendants, and not on either Texas Farmers or Assurant so neither should be designated as responsible third-parties.

14.     Weiser Defendants are individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Texas Farmers, because they are individually each a "person," as defined by TEX. INS. CODE §541.002(2). Plaintiffs have pled that their damages resulted from Weiser Defendants' negligent and intentional actions which have nothing to do with Texas Farmers or Assurant.

15.     Plaintiffs amended petition reflects that the allegations made are entirely against Weiser Defendants and not Texas Farmers. Plaintiffs non-suited Texas Farmers prior to Weiser Defendants filing a response. Weiser Defendants, as agents, are the primary party of processing and placing the coverage. Texas Farmers' duty was never triggered because there was no duty to Plaintiffs until Weiser Defendants had procured and placed the coverage on the property and personal property, as requested by Plaintiffs. As such, Weiser Defendants have the responsibility of knowing and notifying the Plaintiffs of the renewal policy because Plaintiffs  clearly and unequivocally sought and used Defendants services for the purposes of gaining, maintaining, and renewing their insurance Policy, among other services related to Plaintiffs' insurance coverage.

---

[7] *Powell v. Narried*, 463 S.W.2d 43, 45 (Tex. Civ. App.--El Paso 1971, writ ref'd n.r.e.).
[8] *May v. United Services Ass'n of America*, 844 S.W.2d 666 (Tex.1992).
[9]  *Trinity Universal Ins. Co. v. Burnette*, 560 S.W.2d 440 (Tex. Civ. App. Beaumont 1977, no writ).

Page 5

16.     Even if Weiser Defendants have a right to recover from Texas Farmers or Assurant, any amount paid to Plaintiff on her claim, Texas Farmers or Assurant can never be responsible for related Defendants' own wrongful conduct.  Defendants cannot comply with the requirement of showing how Texas Farmers or Assurant have caused or contributed to causing the harm to Plaintiff that resulted from the negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, negligent misrepresentation and common law fraud by Defendants.

### III.     CONCLUSION

17.     Weiser Defendants' Motion for Leave did not comply with the fair notice requirements in attempting to designate the purported responsible third party.  Moreover, Texas Farmers and Assurant cannot be held liable for Plaintiffs' damages caused by Weiser Defendants' breach of duty to Plaintiffs.  As such, Defendants' Motion for Leave should be denied.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court deny *Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties.* Plaintiffs also request any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas  77027

Page 6

(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 8th day of September, 2016, in accordance with the Texas Rules of Civil Procedure.

*/s/ J. Steve Mostyn*
J. Steve Mostyn

Unofficial Copy Office of Chris Daniel District Clerk

REMOVAL_086

Gann & Edwards            Received Wed 08/24/16 10:11 AM

# TRCP 21a. - Service by Telephonic Transfer

As provided by TRCP 21a, this document is sent to you using FileTime Fax Service.

| | |
|---|---|
| **Date:** | 08/24/16 10:11:AM |
| **To:** | J. Steve Mostyn |
| **Fax Number:** | (713) 714-1111 |
| **From:** | Tabitha Brysch<br>Gann & Edwards<br>7500 San Felipe, Ste. 777<br>Houston, TX 77063 |
| **Phone Number:** | (713) 787-0003 |
| **Re:** | |
| **Service Document (s):** | Motion (No Fee) (Weiser Defendants Motion for Leave to Designa.pdf)<br>Proposed Order (Order.pdf)<br>Notice (Notice of Submission.pdf) |
| **Case Number** | 201625329 |
| **Court** | harris:dccv190 |
| **Jurisdiction** | Harris County - 190th Civil District Court |
| **Total Number of Pages:** | 10 (including cover sheet) |

## PRIVILEGED AND CONFIDENTIAL

This facsimile transmission may contain privileged confidential information and is intended for the sole use of the addressee. If you are not the intended recipient, or the person responsible to deliver the message to the intended recipient, you are hereby advised that any dissemination, distribution or copying of this communication is prohibited. If you have received this facsimile in error, please notify the sender and destroy all copies of the original facsimile message.



EXHIBIT

**A**

REMOVAL_087

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

**WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE
TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC.
AS RESPONSIBLE THIRD PARTIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA (collectively referred to as "Weiser Defendants"), and file this Motion for Leave to Designate Texas Farmers Insurance Company ("Texas Farmers") and Assurant, Inc. ("Assurant") as Responsible Third Parties, and in support of such, would respectfully show the Court the following:

## I.  BACKGROUND

1.  This case involves the absence of a Texas Farmers flood policy on the home of Jeff Bickart and Stephanie Bickart ("Plaintiffs") which sustained flood damage on or about May 26, 2015. Suit has been brought against Texas Farmers and the Weiser Defendants. Plaintiffs have non-suited Texas Farmers. Because of the absence of insurance, the Plaintiffs' mortgage company obtained a force-placed policy through Assurant to pay structure damage in an amount alleged to be inadequate to compensate the Plaintiffs.

2.      Plaintiffs sued Texas Farmers for (1) breach of contract; (2) violations of the Texas Insurance Code §541.060 and §542.055-58 and alleged Texas Farmers failed to advise Plaintiffs to renew the policy prior to the flood of May 26, 2015; (3) Texas Farmers wrongfully denied a claim for repairs to the property and the contents; (4) Texas Farmers committed fraud and intentional breach of insurance contract. Plaintiffs alleged against the Weiser Defendants (1) violations of the Texas Insurance Code §541.060; and (2) violations of the Texas Insurance Code §541.051 common law negligence, negligent misrepresentation and violations of the Texas Deceptive Trade Practices Act, specifically §17.46.

3.      Weiser Defendants file this Motion for Leave to Designate Texas Farmers as a responsible third party, these Defendants believe that to the extent there is any liability, which these Defendants deny, some or all of it is the responsibility of Texas Farmers. The allegation is made against Texas Farmers that the renewal notice was not received. These Defendants are not parties to a Texas Farmers insurance flood policy and notice of renewal comes only from Texas Farmers to the policyholder Plaintiffs. Therefore, Texas Farmers who is alleged to have failed to properly notify of the renewal and to advise of the time limits on the renewal of the policy should be made a responsible third party in this case.

4.      Plaintiffs allege that Assurant, a force-placed carrier by the mortgage company, paid flood damage to the home but nothing to the contents and an independent expert has assessed that Assurant failed to cover all of the damage in the amount of $63,000 in arrearage. Therefore, Assurant, who has the responsibility to pay all of the damages to the structure should be made a responsible third party since Plaintiffs are claiming there has been a deficiency. On August 3, 2016, the Fifth Circuit Court of Appeals held that insured individuals had standing to amend their lawsuit to add their mortgage lender's flood insurer as a defendant despite the fact that the

2

individual Plaintiffs were not named insureds on the force-placed insurance policy. *See In Cotton v. Certain Underwriters at Lloyds of London*, 2016 WL 4083901, (5th Cir. 2016). In this case, the insurance company who carried the force-placed policy filed a motion to dismiss claiming the property owners did not have standing to enforce the flood policy because they were not parties to the policy. The Fifth Circuit held that all the owners of the property needed to show was that they had been injured, that the insurance company caused the injury, and that the relief they request would compensate them for the damages. Thus, Assurant, who Plaintiffs claim made inadequate payments to the Bickarts' home, should be made a responsible third party in this case.

5.     For these reasons, Texas Farmers and Assurant should be designated as responsible third parties in this matter.

## II.     ARGUMENT

6.     As amended by the Texas Legislature in 2011, Texas Civil Practices & Remedies Code §33.004 provides that the court can allocate fault to any person, regardless of whether that person is a party to the action:

> (a)     A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> ...
>
> (h)     By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

Tex. Civ. Prac. & Rem. Code §33.004(a), (h) (Vernon 2008 & Supp. 2012).

3

7.     This Court currently has this case set for trial on June 19, 2017 and the joinder cutoff date is December 19, 2016. The Weiser Defendants would show this filing is within the time period specified by Texas law and hereby gives notice that Texas Farmers and Assurant should be included in the allocation of fault by the jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, and HILDA AGUILERA, pray that this Court include Texas Farmers Insurance Company and Assurant, Inc. as responsible third parties in the charge to the jury as provided by Texas law and for such other and further relief to which the Court may find the Weiser Defendants to be entitled at law or equity.

Respectfully submitted,

_/s/ E. Ray Edwards_
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
cray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

## CERTIFICATE OF CONFERENCE

This certifies that on August 17, 2016, counsel for the Weiser Defendants sent a copy of this Motion to counsel for Jeff Bickart and Stephanie Bickart asking if he was opposed or agreed to the Motion. As of the date of the filing of this Certificate of Conference, counsel for Plaintiffs has not responded and this should be considered opposed.

_/s/ E. Ray Edwards_
E. Ray Edwards

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn                                           *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027


_/s/ E. Ray Edwards_
E. Ray Edwards

5

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be considered Defendants, WEISER INSURANCE GROUP, LLC,

DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate

Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties. The Court

having considered the said Motion is of the opinion that Weiser Defendants' Motion should be

GRANTED.

Therefore, it is ORDERED that Texas Farmers Insurance Company and Assurant, Inc. are

hereby designated as Responsible Third Parties in Cause No. 2016-25329.

SIGNED this _____ day of _____, 2016.


_____
JUDGE PRESIDING

Submitted by:

/s/ E. Ray Edwards
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER,
AND HILDA AGUILERA

2

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND | § | IN THE DISTRICT COURT OF |
| STEPHANIE BICKART | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA AGUILERA | § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

**PLEASE TAKE NOTICE** that Defendants, WEISER INSURANCE GROUP, LLC,

DAVID WEISER, LARRY WEISER, and HILDA AGUILERA's Motion for Leave to Designate

Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties is set for

submission to the Court for a ruling on **Monday, September 19, 2016**, beginning at 8:00 a.m.

Respectfully submitted,

*/s/ E. Ray Edwards*
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
cray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANTS,
WEISER INSURANCE GROUP, LLC,
DAVID WEISER, LARRY WEISER, and
HILDA AGUILERA

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 24th day of August, 2016.

J. Steve Mostyn                                                    *Via E-filing*
Mostyn Law
3810 W. Alabama St.
Houston, TX 77027


                                        /s/ E. Ray Edwards
                                        E. Ray Edwards

2

4/8/2016 2:00:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12592691
By: Tammy Tolman
Filed: 9/8/2016 2:00:49 PM

**CAUSE NO. 2016-25329**

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART,<br>　　*Plaintiffs,* | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA,<br>　　*Defendants.* | § § § § § § § | 190TH JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jeff Bickart and Stephanie Bickart ("Plaintiffs") and file this, *Plaintiffs' First Amended Petition,* complaining of Weiser Insurance Group, LLC ("Weiser Insurance"), David Weiser. ("David"), Larry Weiser ("Larry"), and Hilda Aguilera ("Aguilera") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1.　　Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.    Plaintiffs Jeff Bickart and Stephanie Bickart are individuals residing in Harris County, Texas.

3.    Defendant Weiser Insurance is a company engaging in the business of selling insurance in the State of Texas.  This defendant has appeared and answered herein.  No citation is requested at this time.

4.    Defendant David Weiser is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered herein.  No citation is requested at this time.

5.    Defendant Larry Weiser is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered herein.  No citation is requested at this time.

6.    Defendant Hilda Aguilera is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered herein.  No citation is requested at this time.

## JURISDICTION

7.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

8.    The Court has jurisdiction over Defendant Weiser Insurance because this defendant is a domestic company that engages in the business of selling insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9.    The Court has jurisdiction over Defendant David because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant Larry because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant Aguilera because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

12. Venue is proper in Harris County, Texas, because the insured property and contents are situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13. Plaintiffs was the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Texas Farmers Insurance Company ("TFIC").

14. Plaintiffs own the insured property and contents, which is specifically located at 5047 Glenmeadow Drive, Houston, Texas 77096 in Harris County (hereinafter referred to as "the Property").

15. The Policy insuring the Property and Contents was sold to Plaintiffs by Defendant Weiser Insurance, their insurance agency, and Defendants Larry, David, and Aguilera, their insurance agents. At all times relevant hereto, Defendants Weiser Insurance, Larry, David, and Aguilera were responsible for timely procuring and/or acquiring and/or renewing the Policy for Plaintiffs as authorized agents acting within the course and scope of their apparent authority and/or actual authority.

16. Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for personal or household use.

17.  Specifically, Plaintiffs initially sought the services of Defendants Weiser Insurance, Larry, David, and Aguilera to timely purchase and/or renew the Policy. In the weeks before the Houston area experienced severe flooding, Plaintiffs sought the services of Defendants Weiser Insurance, Larry, David, and Aguilera as their trusted insurance agents to acquire a renewal of the same policy and thereby maintain coverage on the Property and Contents. Plaintiffs contacted their insurance agent, Defendant Weiser Insurance, seeking their services in acquiring a renewal of their flood policy. Eventually, Defendants acquired the Policy for Plaintiffs, albeit untimely insofar as Defendants failed to timely notify Plaintiffs that the Policy would lapse; and upon notice and after repeated request for renewal by Plaintiffs to Defendants; and unfortunately unbeknownst to Plaintiffs, Defendants renewal of the Policy was not in time to cover Plaintiffs for their flood damage.

18.  At all times pertinent hereto, Plaintiffs relied on Defendants Weiser Insurance, Larry, David, and Aguilera to procure the flood insurance policy renewal for the Property. Plaintiffs provided Defendants Weiser Insurance, Larry, David, and Aguilera with all of the necessary documentation to procure the renewal and proper flood coverage. Plaintiffs repeatedly request that the Policy be renewed and requested the premium amount required to renew. Ultimately, Defendants Weiser Insurance, Larry, David, and Aguilera failed to timely process Plaintiffs' payment of the Policy premium and failed to timely renew Plaintiffs' flood policy. Additionally, Defendants Weiser Insurance, Larry, David, and Aguilera failed to notify Plaintiffs of their failure to place flood coverage on the Property and failed to notify Plaintiffs of any reasons why flood coverage could not be obtained.

19.  In fact, prior to May of 2015, Plaintiffs repeatedly attempted to contact Defendants Weiser Insurance, David, Larry, and/or Aguilera, via telephone and email, regarding renewal of the

flood insurance policy that covered their home and personal property.  Weiser Insurance, David, Larry, and/or Aguilera failed to reasonably notify Plaintiffs that their policy would expire on April 20, 2015 and failed to reasonably procure flood insurance coverage for Plaintiffs.

20.     April 28, 2015, Weiser Insurance and/or Aguilera emailed Mr. Bickart requesting a copy of his driver's license to prove that the property located at 5047 Glenmeadow Dr., Houston, Texas 77096 was the primary residence.  Mr. Bickart sent the information to Weiser Insurance and Aguilera, and requested that Weiser Insurance, David, Larry, and Aguilera send him an invoice reflecting the amount owed for his policy renewal.

21.     April 29, 2015, Mr. Bickart emailed Weiser Insurance, David, Larry, and Aguilera, and stated that he had not received an invoice to pay the flood insurance renewal premium. Plaintiffs again requested the renewal premium amount.

22.     April 30, 2015, Mr. Bickart sent a follow up email to Weiser Insurance, David, Larry, and Aguilera regarding the policy renewal amount that he had not received.

23.     May 1, 2015, Mr. Bickart again emailed Weiser Insurance, David, Larry, and Aguilera requesting the invoice or amount to pay for the flood policy renewal.

24.     May 4, 2015, Aguilera and/or Weiser Insurance email Plaintiffs stated "we are waiting for the updated amount due in order to relay that information to you as soon as I have the amount I will touch base with you it should be no more than 24-48 hours."

25.     May 11, 2015, Plaintiffs were still in the dark about the amount they owed to renew their flood insurance policy with TFIC.  Mr. Bickart emailed Aguilera and/or Weiser Insurance to ask for an update.

26.     May 12, 2015, Weiser Insurance and/or Aguilera email Plaintiffs stating "...the flood supervisor relayed to me this afternoon that the renewal premium is $1,828."

27.   This was the first time that Plaintiffs were notified of the amount owed to renew their flood insurance policy with TFIC.  At no point in time did Weiser Insurance, David, Larry, and/or Aguilera tell Plaintiffs that they needed to pay immediately, much less by May 20, 2015, otherwise their coverage would lapse.

28.   Plaintiffs then attempted to pay the premium owed.

29.   Accordingly, at all times relevant, Plaintiffs reasonably believed that the Property, including their contents, was insured against flood losses sustained during the effective period of the Policy.

30.   Then, on or about May 26, 2015, the Houston area experienced severe flooding causing extensive damage to homes and businesses throughout the area ("the Flood").  Specifically, Plaintiffs' home sustained significant damage including, but not limited to damage to the home's flooring, walls, cabinetry, AC unit(s), plumbing, electrical system, and kitchen fixtures, among others.  Their personal property within the home was ruined, including but not limited to their furniture, beds, clothing, electronics, kitchen appliances, and utensils, among others.

31.   On May 26, 2015, Defendants David, Larry, Weiser Insurance, and Aguilera contacted Plaintiffs to let them know that their flood insurance policy was not in effect.  At this time David, Larry, Weiser Insurance, and Aguilera request that Plaintiffs provide them with credit card information to use to retroactively renew the flood insurance policy.  Plaintiffs complied. David, Larry, Weiser Insurance and Aguilera confirmed that the payment was processed. David emailed Mr. Bickart stating "[b]een on hold with flood for 20 min verifying."

32.    Again, Plaintiffs reasonably believed that the Property was insured against flood losses under the Policy.  Plaintiffs' reasonable belief was based on the representations of Defendants and/or their agents acting with actual authority and/or apparent authority.

33.    On or about, May 28, 2015, Plaintiffs attempt to make a claim against their TFIC flood insurance policy for property and contents damage as a result of the Flood. Plaintiffs made the claim believing that benefits for those losses would be paid pursuant to the TFIC Policy, for which Defendants Weiser Insurance, Larry, David, and Aguilera had represented to Plaintiffs.

34.    However, and despite Defendants' express representations to the contrary, Plaintiffs were denied coverage.  Specifically, Plaintiffs are notified by TFIC that it could not initiate flood insurance policy coverage due to the 30-day lapse from the April 20, 2015 policy expiration date.  This was the first time that anyone had mentioned to Plaintiffs that they were required to pay the renewal premium amount on or before May 20, 2015.

35.    On June 3, 2015, Weiser Insurance and/or Larry Weiser sent Plaintiffs a letter wherein they apologized for being unable to get the flood policy reinstated.

36.    Had Defendants Weiser Insurance, David, Larry, and Aguilera adequately procured flood insurance for Plaintiffs, Plaintiffs would have been entitled to $250,000 for flood damage to their property and $31,500 for flood damage to their contents under the Policy.  As a result of Defendants Weiser Insurance's, David's, Larry's, and Aguilera's errors and/or omissions and/or other misrepresentations Plaintiffs have been underpaid.

37.    Again, Defendants Weiser Insurance, Larry, David, and Aguilera sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the property would be covered.  Plaintiffs were under this belief when they attempted to file a claim

against the Policy after the Houston area flood based upon this representation. Plaintiffs suffered harm as a result of Defendants' representations.

38. Each and every one of the representations, as described above and below, concerned material facts, and absent such representations, Plaintiffs would not have acted as they did.

39. Each and every one of the representations, as described above and below, were made by all Defendants recklessly and/or negligently, without any knowledge of their truth as a positive assertion.

40. From the time that all Defendants made these representations, as described above, Plaintiffs believed them to be true as positive assertions made by persons with knowledge of their truth. Specifically, Plaintiffs believed that the Policy was still in effect and that the Property and Contents were still insured with flood coverage. Plaintiffs relied on the reckless and/or negligent misrepresentations of all Defendants to their detriment.

41. But for the reckless and/or negligent misrepresentations of all Defendants, Plaintiffs would not have acted as they did—namely, abstaining from seeking alternative coverage or another flood policy. Furthermore, Plaintiffs would not have allowed their property and contents to remain uninsured for any amount of time, during which they had been ensured that the property and contents were still insured/protected.

42. Defendants Weiser Insurance, Larry, David, and Aguilera failed to use reasonable diligence to place the flood insurance that Plaintiffs requested, and further failed to promptly inform the Plaintiffs of their inability to do so.

43. Defendants Weiser Insurance, Larry, David, and Aguilera made various statements and misrepresentations about the Policy issued to Plaintiffs. Specifically, Defendants misrepresented to Plaintiffs that they had time to renew policy and would be covered; when, in fact, Defendants failed to renew Plaintiffs' flood policy and did not inform Plaintiffs until

after the fact. Defendants' conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE. ANN. §541.051(1)(A); §541.061(1), (2), and (3).

44.    Defendants Weiser Insurance, Larry, David, and Aguilera knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

45.    As a result of Defendants Weiser Insurance's, David's, Larry's, and Aguilera's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS WEISER INSURANCE, LARRY, DAVID, AND AGUILERA

46.    Defendants Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for negligence, intentional violations of the Texas Insurance Code, intentional violations of the Texas DTPA, fraudulent misrepresentation, and negligent misrepresentation.

47.    Defendants Weiser Insurance, Larry, David, and Aguilera are individually liable for their unfair and deceptive acts because they are individually each a "person," as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability)).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE

48.     Defendants Weiser Insurance's, Larry's, David's, and Aguilera's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer, TEX. INS. CODE §541.051, and Misrepresentation of Insurance Policy, TEX. INS. CODE §541.061.  All violations under these articles are made actionable by TEX. INS. CODE §541.151.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### MISREPRESENTATION REGARDING POLICY OR INSURER

49.     Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and false advertisings of the insurance coverage, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.051(1)(A).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### MISREPRESENTATION OF INSURANCE POLICY

50.     Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to disclose pertinent facts or policy provisions relating to the insurance coverage, as described above, in making an untrue statement of material fact constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.061(1).

51.     Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to state material facts relating to insurance coverage, as described above,  necessary to make other statements not misleading, considering the circumstances under which the statements were made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(2).

52.    Defendants Weiser Insurance's, Larry's, David's, and Aguilera's misrepresentations and/or failure to state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(3).

### NEGLIGENCE

53.    Plaintiffs entrusted Defendants Weiser Insurance, Larry, David, and Aguilera to procure the TFIC flood insurance policy, on their behalf. Plaintiffs requested from Defendants Weiser Insurance, Larry, David, and Aguilera that their flood insurance policy be renewed. Defendants Weiser Insurance, Larry, David, and Aguilera did not timely inform Plaintiffs of the policy renewal amount, the policy renewal deadline, and/or that the flood policy had lapsed and/or would lapse if renewal premium was not paid by the deadline. At the time Plaintiffs attempted to renew their policy they were misinformed by Defendants leading to a lapse in coverage. Plaintiffs were also informed by Defendants their policy would continue in place. It was Defendants Weiser Insurance's, Larry's, David's, and Aguilera's duty to ensure that Plaintiffs' policy was in place. Furthermore, Defendants Weiser Insurance, Larry, David, and Aguilera knew that the TFIC policy would not be in place. Nevertheless, they failed to ensure that the policy was in place and misrepresented to Plaintiffs that the Property and Contents were covered by an insurance policy that would provide coverage for losses to the Property and Contents caused by flood. However, Defendants had failed to obtain such a policy for Plaintiffs. Defendants Weiser Insurance, Larry, David, and Aguilera breached this duty by failing to renew the TFIC

insurance premium before the Houston Flood event, and as a result, Plaintiffs suffered significant injuries.

**NONCOMPLIANCE WITH TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT:**

54.　Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  TEX. BUS. & COM. CODE §17.41-17.63.  All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

55.　Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes a false, misleading, or deceptive act or practice.  TEX. BUS. & COM. CODE §17.46(b)(5).

56.　Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46 (b)(7).

57.　Defendants Weiser Insurance's, David's, Larry's, and Aguilera's advertisement of goods and services as described above, with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(9).

58.　Defendants Weiser Insurance's, David's, Larry's, and Aguilera's misrepresentations, as described above, that an agreement conferred or involved rights, remedies and obligations, which it does not have or involve, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(12).

59.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiffs into a transaction into which Plaintiffs would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(24).

### FRAUDULENT MISREPRESENTATION

60.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes fraudulent misrepresentation in the State of Texas.

61.  Defendants Weiser Insurance, Larry, David, and Aguilera made representations to Plaintiffs, as described above, which were false statements of fact, and were material to the transaction.  In making these representations Defendants knew the representations were false, or acted with reckless disregard of the truth or falsity of the representations.

62.  Defendants Weiser Insurance, Larry, David, and Aguilera intended Plaintiffs to act on the representations, and Plaintiffs relied on the false representations in seeking to obtain what Plaintiffs thought was an insurance policy that provided for losses to the Property and Contents caused by flood, such as those suffered by Plaintiffs.

### NEGLIGENT MISREPRESENTATION

63.  Defendants Weiser Insurance's, David's, Larry's, and Aguilera's conduct constitutes a tort for negligent misrepresentation in the State of Texas.

64.  TFIC's, Weiser Insurance's, David's, Larry's, and Aguilera's made representations to Plaintiffs, as described above, in the course of Defendant's business or in a transaction in which Defendants had an interest.

65.  In making these representations, Defendants Weiser Insurance, Larry, David, and Aguilera supplied false information for the guidance of Plaintiffs.  Defendants did not exercise

reasonable care or competence in obtaining or communicating the information on which Plaintiffs justifiably relied. Defendants' negligent misrepresentations proximately caused Plaintiffs' injury.

<strong>FRAUD</strong>

66.  Defendants Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for common law fraud.

67.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Weiser Insurance, Larry, David, and Aguilera knew were false or made recklessly without any knowledge of their truth as a positive assertion.

68.  The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

<strong>CONSPIRACY TO COMMIT FRAUD</strong>

69.  Defendants Weiser Insurance, Larry, David, and Aguilera are liable to Plaintiffs for conspiracy to commit fraud. Defendants Weiser Insurance, Larry, David, and Aguilera were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Weiser Insurance, Larry, David, and Aguilera committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

<strong>KNOWLEDGE</strong>

70.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

71.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

72.   As previously mentioned, the damages caused by Memorial Day flood event have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and Contents, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants Weiser Insurance's, David's, Larry's, and Aguilera's mishandling of Plaintiffs' Policy and claim, in violation of the laws set forth above.

73.   For noncompliance with the Texas Insurance Code: Unfair Settlement Practices, Misrepresentation Regarding Policy or Insurer, and Misrepresentation of Insurance Policy, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

74.   For noncompliance with the Texas Deceptive Trade Practices Act-Consumer Protection Act, Plaintiffs are entitled to economic damages, which include the amount of the benefits wrongly withheld.  For knowing conduct violations, with regard to these breaches of duty, Plaintiffs are entitled to damages for mental anguish, and Plaintiffs also ask for three times their economic damages.  For intentional conduct violations, with regard to these breaches of duty, Plaintiffs are entitled to his economic damages and damages for mental anguish,

and Plaintiffs ask for three times the amount of economic and mental anguish damages. Plaintiffs are also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

75.  For negligent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages, along with court costs, interest, and attorney's fees.

76.  For fraudulent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

77.  For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

78.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

79.  Plaintiffs previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs have tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code and DTPA, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 /s/ J. Steve Mostyn
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 8th day of September, 2016 in accordance with the Rules of Civil Procedure.

 /s/ J. Steve Mostyn
J. Steve Mostyn

9/15/2016 10:08:25 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12714694
By: Tammy Tolman
Filed: 9/15/2016 10:08:25 AM

**CAUSE NO. 2016-25329**

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | § § § § § § | |
| Defendants. | § | 190TH JUDICIAL DISTRICT |

**PLAINTIFFS' REQUEST FOR ORAL HEARING ON WEISER DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE TEXAS FARMERS INSURANCE COMPANY AND ASSURANT, INC. AS RESPONSIBLE THIRD PARTIES**

TO THE HONORABLE PATRICIA J. KERRIGAN:

Pursuant to Rule 166 of the Texas Rules of Civil Procedure, Jeff Bickart and Stephanie Bickart ("Plaintiffs") file this Plaintiffs' Request for Oral Hearing for Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties, and ask the Court to set Defendants' motion for oral hearing.

1.     Weiser Defendants filed their Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties on August 24, 2016.

2.     Defendants' Motion for Leave was scheduled to be heard by submission on September 19, 2016.

3.     Plaintiffs respectfully request that the Court remove Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties from the submission docket and set it for an Oral Hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant

*Plaintiffs' Request for Oral Hearing.* Plaintiffs also request any other and further relief, either at

law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 15th day of September, 2016, in accordance with the Texas Rules of Civil Procedure.

*/s/ J. Steve Mostyn*
J. Steve Mostyn

- 2 -

9/15/2016 10:08:25 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12714694
By: Tammy Tolman
Filed: 9/15/2016 10:08:25 AM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | § § § § § | |
| **Defendants.** | § | 190TH JUDICIAL DISTRICT |

## ORDER

The Court considered Plaintiffs' Request for Oral Hearing for Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties. The Court is of the opinion that Plaintiffs' request for oral hearing should be GRANTED.   It is therefore,

ORDERED that Weiser Defendants' Motion for Leave to Designate Texas Farmers Insurance Company and Assurant, Inc. as Responsible Third Parties is set for oral hearing on the _____ day of _____, 2016 in the 190th Judicial District Court of Harris County, Texas.

SIGNED this _____ day of _____, 2016.

_____
JUDGE PATRICIA J. KERRIGAN

REMOVAL_116

11/16/2016 3:53:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13831913
By: Wanda Chambers
Filed: 11/16/2016 3:53:14 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| **JEFF BICKART AND STEPHANIE BICKART,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY, WEISER INSURANCE** | § | |
| **GROUP, LLC, DAVID WEISER,** | § | |
| **LARRY WEISER, AND HILDA** | § | |
| **AGUILERA,** | § | |
| *Defendants.* | § | **190TH JUDICIAL DISTRICT** |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE PATRICIA KERRIGAN:

Pursuant to Rule 63 of the Texas Rules of Civil Procedure, Jeff Bickart and Stephanie Bickart ("Plaintiffs") file this, *Plaintiffs' Second Amended Petition,* complaining of Texas Farmers Insurance Company ("TFIC"), Weiser Insurance Group, LLC ("Weiser Insurance"), David Weiser ("D. Weiser"), Larry Weiser ("L. Weiser"), and Hilda Aguilera ("Aguilera" and collectively referred as "Defendants"). In support thereof, Plaintiffs would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.     Plaintiffs Jeff Bickart and Stephanie Bickart are individuals who reside in Harris County, Texas.

3.     Defendant Texas Farmers Insurance Company is a domestic insurance company engaged in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

4.     Defendant Weiser Insurance is a company engaging in the business of selling insurance in the State of Texas.  This defendant has appeared and answered.  No citation is requested at this time.

5.     Defendant David Weiser is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered.  No citation is requested at this time.

6.     Defendant Larry Weiser is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered.  No citation is requested at this time.

7.     Defendant Hilda Aguilera is an individual residing in and domiciled in the State of Texas. This defendant has appeared and answered.  No citation is requested at this time.

## JURISDICTION & VENUE

8.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $100,000 but not more than $200,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

9.     The Court has personal jurisdiction over each Defendant because they do business in Texas and have committed wrongful acts in the State of Texas concerning the procurement of

REMOVAL_118

flood insurance policies on behalf of Plaintiffs, which is governed by state law. *Spong v. Fid. Nat'l Prop. and Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015); and *Campo v. Allstate Insurance Company*, 562 F.3d 751 (5th Cir. 2009). While the National Flood Insurance Act (NFIA) indisputably preempts state-law causes of action based on "the handling and disposition of Standard Flood Insurance Policy claims," the NFIA does not preempt policy-procurement claims. *Id.* This case does not involve actions for improper claims handling.

10.     Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County. Venue is further proper in Harris County, Texas because the insured property and contents are situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## FACTS

11.     Plaintiffs own the insured property which is specifically located at 5047 Glenmeadow Drive, Houston, Texas 77096 in Harris County (hereinafter referred to as "the Property"). By and through Weiser Insurance, L. Weiser, D. Weiser, and Aguilera, TFIC sold and issued a Standard Flood Insurance Policy (Policy No. 06000009432014, coverage effective April 20, 2014 through April 20, 2015, hereinafter referred to as "the Policy"), which insured the building and contents of the Property, to Plaintiffs. As authorized agents of TFIC acting within the course and scope of their apparent authority and/or actual authority, Weiser Insurance, L. Weiser, D. Weiser, and Aguilera sold the Policy to Plaintiffs.

12.     Without prior notice, on or about April 28, 2015, Plaintiffs learned that the Policy had expired and coverage was no longer in effect for the Property, effective April 20, 2015. Learning after the fact, Plaintiffs took the initiative to correct the problem. Allowing the Policy to lapse

Page 3

without prior notice was a common occurrence with Defendants as it had occurred at least ten times in the past. Regardless, Plaintiffs had a thirty-year (30) business relationship with Weiser Insurance and D. Weiser, and as a loyal customer, Plaintiffs continued to use Weiser Insurance and D. Weiser as their insurance agents to procure coverage for their Property. Unfortunately, to their detriment, Plaintiffs relied on Weiser Insurance, L. Weiser, D. Weiser, and Aguilera, to procure flood insurance in a timely manner. This never happened.

13.     Upon learning the Policy had expired, as they had been forced to do many times in the past, Plaintiffs immediately sought the services of Weiser Insurance, L. Weiser, D. Weiser, and Aguilera in the procurement and purchase of proper flood coverage for their Property. In turn, Weiser Insurance, L. Weiser, D. Weiser, and Aguilera accepted those services by attempting to sell coverage on behalf of TFIC to Plaintiffs, which was substantially similar, if not identical, to the terms and conditions of the already expired Policy. At no point did Defendants notify Plaintiffs verbally or in writing that there was a grace period following the expired Policy, whereby Plaintiffs could make an immediate payment within 30 days of coverage expiring that would retroactively reinstate flood coverage on the Property.

14.     On April 28, 2015, Plaintiffs first attempted to renew their Policy by communicating verbally and via email with Weiser Insurance and Aguilera. Unbeknownst to Plaintiffs, this attempt was well within the thirty (30) day grace period for retroactively reinstating coverage for the Property, which began on April 20, 2015. That day, Aquilera, acting on behalf of Weiser Insurance, L. Weiser, and D. Weiser, emailed Plaintiff J. Bickart requesting a copy of his driver's license in order to show TFIC's flood department that the Property was Plaintiffs' primary residence. As requested, Plaintiff J. Bickart sent the information, and requested Weiser Insurance and Aguilera to

Page 4

forward an invoice reflecting the amount owed for his policy renewal so that proper payment for coverage could be made. The invoice was never forwarded to Plaintiffs.

15.     During the attempted renewal process, Plaintiffs provided Defendants Weiser Insurance, L. Weiser, D. Weiser, and Aguilera with all of the necessary documentation and information that was needed to procure and reinstate proper flood coverage for their Property. Unfortunately, Defendants failed to renew the Policy in a timely manner as promised.

16.     Subsequently, in the weeks preceding the catastrophic Memorial Day flood made the basis of this lawsuit, Plaintiffs made numerous attempts to follow-up with Weiser Insurance, L. Weiser, D. Weiser, and Aguilera with respect to the status on acquiring flood coverage.   Since the expiration of the Policy, the acts and omissions of Defendants resulted in inexcusable delays in timely procuring proper flood insurance.

17.     On April 29, 2015, Plaintiff J. Bickart emailed Aguilera a reminder that an invoice was never sent. Plaintiffs again requested the renewal premium amount. This request was ignored.

18.     On April 30, 2015, Plaintiff J. Bickart emailed Aguilera another reminder.  Once again, this request was ignored.

19.     On May 1, 2015, Plaintiff J. Bickart again emailed Aguilera requesting the invoice or amount to pay for the Policy renewal.

20.     Days later, on May 4, 2015, Aguilera finally emailed Plaintiffs stating "we are waiting for the updated amount due in order to relay that information to you as soon as I have the amount I will touch base with you it should be no more than 24-48 hours."  Again, this self-imposed deadline was never met.

21.     Still in the dark about the amount owed to renew their flood insurance, Plaintiff J. Bickart emailed Aguilera asking for a status update.

Page 5

22.     The next day, on May 12, 2015, Aguilera finally informed Plaintiffs regarding the premium amount. Specifically, the email stated "…the flood supervisor relayed to me this afternoon that the renewal premium is $1,828." However, despite repeated past requests, no invoice was forwarded to Plaintiffs.

23.     Three weeks after the Policy had expired, Plaintiffs were notified for the first time the amount owed to renew the Policy with TFIC. At no point in time did Defendants tell Plaintiffs that they needed to pay the premium immediately, much less by May 20, 2015, to prevent the grace period from lapsing.

24.     On or before May 20, 2015, Plaintiffs mailed Defendants a check for premium amount provided by Weiser Insurance and/or Aguilera.

25.     Five days later, on May 25-26, 2016, Houston experienced severe flooding, which caused extensive damage to homes and businesses throughout Harris County and surrounding areas ("the Memorial Day Flood"). Specifically, Plaintiffs' home sustained significant damage, including, but not limited to, damage to the home's flooring, walls, cabinetry, AC unit(s), plumbing, electrical system, and kitchen fixtures, among other items. In addition, Plaintiffs' personal property kept in the home was ruined, including but not limited to, their furniture, beds, clothing, electronics, kitchen appliances, and utensils, among other items.

26.     Ultimately, prior to the Memorial Day flood, Defendants had failed to notify Plaintiffs 30 days in advance of coverage terminating on the Policy, failed notify Plaintiff of the 30 day grace period once coverage had lapsed, failed to procure proper flood insurance in a timely manner prior to the flood within the 30 day grace period, and failed to process Plaintiffs' payment of the Policy premium. Additionally, Defendants failed to notify Plaintiffs of any reasons why flood coverage could not be obtained in a timely manner. If done properly under applicable Texas law,

Page 6

Defendants should have notified Plaintiffs of the cancellation of the Policy no later than March 21, 2015.  The acts and/or omissions of Defendants breached a duty of good faith a fair dealing owed to Plaintiffs.  Equally importantly, the acts and/or omissions of Defendants constituted materials misrepresentations of the terms and conditions of the Policy.

27.     Accordingly, at all times relevant, Plaintiffs reasonably believed that the Property, including their contents, was insured against flood losses sustained during the effective period of the Policy.  Plaintiffs received no indication otherwise from Defendants.  Plaintiffs' reasonable belief was based on the negligent and/or reckless representations of Defendants and/or their agents acting with actual authority and/or apparent authority.

28.     On May 26, 2015, Weiser Insurance, L. Weiser, D. Weiser, and/or Aguilera contacted Plaintiffs to let them know that the Policy was not in effect.  In fact, D. Weiser personally paid a visit to Plaintiff J. Bickart at Plaintiffs' residence.  During this time, Plaintiff J. Bickart and D. Weiser discussed renewing the Policy as well as the potential for obtaining retroactive coverage of the Policy once Plaintiffs paid the premium.

29.     Following David's visit with Plaintiff on his property, L. Weiser, D. Weiser, Weiser Insurance, and Aguilera requested that Plaintiffs provide them with credit card information in an attempt to pay the outstanding premium owed under the Policy with hopes this act would retroactively reinstate coverage.  After Plaintiffs complied, Aguilera emailed Plaintiffs confirming that the payment for Policy renewal was accepted and processed on May 26, 2015.  To no surprise, TFIC accepted the premium payment and issued flood coverage that would apply for future events, but denied Plaintiffs' request to reinstate the Policy retroactively.

30.     Weiser Insurance, L. Weiser, D. Weiser, and Aguilera sold flood insurance to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered

Page 7

under the prior Policy.  As a result, Plaintiffs were under the belief that they could make a claim against the Policy after the Houston area flood based upon this representation.

31.     On or about, May 28, 2015, Plaintiffs made a claim on the Policy as a result of the Memorial Day Flood.  Plaintiffs made the claim believing that benefits for those losses would be paid pursuant to the Policy.

32.     However, and despite Defendants' express representations to the contrary, Plaintiffs were denied coverage.  Specifically, TFIC notified Plaintiffs that they could not initiate flood insurance policy coverage due to the 30-day lapse from April 20, 2015, the expiration date of the Policy.  This was the first time that anyone had mentioned to Plaintiffs that they were required to pay the renewal premium amount on or before May 20, 2015.  Defendants' failure to provide proper written notice constitutes a misrepresentation by omission.

33.     In reference to a May 27, 2015 telephone conversation between Plaintiff J. Bickart and D. Weiser, on June 3, 2015, L. Weiser sent a letter to Plaintiffs apologizing for not being able to procure and reinstate the Policy in a timely manner.  It is well established in Texas than an insurance agent who undertakes to procure insurance from another owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so.  While L. Weiser informed Plaintiff of the inability to place the requested insurance, Weiser Insurance, L. Weiser, D. Weiser, and Aguilera did so neither diligently or promptly.

34.     Had Defendants reasonably notified Plaintiffs of the terms and conditions of the Policy, Plaintiffs could have timely and adequately paid the outstanding premium owed under the Policy in order to procure proper flood insurance coverage prior to the Memorial Day Flood.  Instead, Plaintiffs were denied coverage under the Policy in the amount of $250,000 for the building and in

REMOVAL_124

the amount of $31,500 for contents.  As a result of the material acts, omissions, errors and other misrepresentations of Defendants, which Plaintiffs relied on, Plaintiffs were detrimentally harmful.

35.     As a result of the wrongful acts and omissions of Defendants, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

36.     All preceding paragraphs are incorporated herein by reference.

37.     Defendants are liable to Plaintiffs for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), negligence, negligent and/or fraudulent misrepresentations, and fraud.

38.     Weiser Insurance, L. Weiser, D. Weiser, and Aguilera are individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of TFIC, because they are individually each a "person," as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability)).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE

39.     All preceding paragraphs are incorporated herein by reference.

Page 9

40.    Each representation, as described above and below, concerned material facts.  Absent such representations, Plaintiffs would not have acted as they did.

41.    Each representation, as described above and below, were made by all Defendants recklessly and/or negligently, without any knowledge of their truth as a positive assertion.

42.    From the time Defendants made such material misrepresentations, Plaintiffs believed them to be true as positive assertions made by persons with knowledge of their truth.  Specifically, Plaintiffs believed that the Policy was still in effect and that the Property, building and contents, were still insured with flood coverage.  Plaintiffs relied on the reckless and/or negligent misrepresentations of all Defendants to their detriment.

43.    But for the reckless and/or negligent misrepresentations of all Defendants, Plaintiffs would not have acted as they did—namely, abstaining from seeking alternative coverage or another flood policy.  Furthermore, Plaintiffs would not have allowed their property, building, and contents to remain uninsured for any amount of time, during which they had been ensured that the property and contents were still insured/protected.

44.    Defendants failed to use reasonable diligence to place flood insurance as requested, and further failed to promptly inform Plaintiffs of their inability to do so.

45.    Defendants made various statements and misrepresentations about the terms and conditions of the Policy issued to Plaintiffs.  Specifically, Defendants misrepresented to Plaintiffs that they had time to renew the Policy and would be covered; when, in fact, Defendants failed to renew the Policy and did not inform Plaintiffs until after the fact.  Defendants' conduct and omissions constitutes violations of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE. ANN. §541.051(1)(A); §541.061(1), (2), and (3).

Page 10

46.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

47.     Defendants' conduct, jointly and severally, constitutes multiple violations of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer, TEX. INS. CODE §541.051, and Misrepresentation of Insurance Policy, TEX. INS. CODE §541.061. All violations under these articles are made actionable by TEX. INS. CODE §541.151.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

48.     All preceding paragraphs are incorporated herein by reference.

49.     Defendants' misrepresentations and false advertising of the insurance coverage, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051(1)(A).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: MISREPRESENTATION OF INSURANCE POLICY

50.     All preceding paragraphs are incorporated herein by reference.

51.     Defendants' misrepresentations and/or failure to disclose pertinent facts or policy provisions relating to the insurance coverage, as described above, in making an untrue statement of material fact constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1).

52.     Defendants' misrepresentations and/or failure to state material facts relating to insurance coverage, as described above, necessary to make other statements not misleading, considering the circumstances under which the statements were made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(2).

Page 11

53.    Defendants' misrepresentations and/or failure to state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(3).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: CERTAIN PROPERTY AND CASUALTY POLICIES

54.    All preceding paragraphs are incorporated herein by reference.

55.    Defendants are liable for their misrepresentations and/or cancellation of the Policy by failing to provide Plaintiffs with proper written notice of any change in the Policy declination, cancellation, or nonrenewal of an insurance policy.  Defendants failed to explain fully their decision that adversely affected Plaintiffs by denying Plaintiffs insurance coverage and/or the continued coverage of the Policy. TEX. INS. CODE §551.102.

56.    Defendants are liable for their misrepresentations and/or cancellation of the Policy without proper written notice of any change in policy coverage, which is to contain a written explanation of the change made by the endorsement.  Plaintiffs did not receive written notice no later than the 30th day before the date on which the Policy was to expire and/or be cancelled by Defendants.  These misrepresentations, acts and/or omissions constitutes a violation of TEX. INS. CODE §551.105.

### NEGLIGENCE

57.    All preceding paragraphs are incorporated herein by reference.

58.    Plaintiffs entrusted Defendants to procure the TFIC flood insurance policy, on their behalf.  Plaintiffs requested from Defendants that the Policy be renewed.  Defendants did not timely inform Plaintiffs of the Policy renewal amount, the Policy renewal deadline, and/or that the Policy had lapsed and/or would lapse if renewal premium was not paid by the deadline.  At

Page 12

the time, Plaintiffs attempted to renew the Policy they were misinformed by Defendants leading to a lapse in coverage.  Plaintiffs were also informed by Defendants the Policy would continue in place.  It was Defendants' duty to ensure that the Policy was in place.  Furthermore, Defendants knew that the Policy would not be in place.  Nevertheless, they failed to ensure that the Policy was in place and misrepresented to Plaintiffs that the Property and Contents were covered by the Policy that would provide coverage for losses to the Property and Contents caused by flood. However, Defendants had failed to obtain such a policy for Plaintiffs.  Defendants breached this duty by failing to renew the Policy before the Houston Flood event, and as a result, Plaintiffs suffered significant injuries.

## NONCOMPLIANCE WITH TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT:

59.     All preceding paragraphs are incorporated herein by reference.

60.     At all times relevant, Plaintiffs were and are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for personal or household use.

61.     Defendants' conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  TEX. BUS. & COM. CODE §17.41-17.63.  All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

62.     Defendants' misrepresentations, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes a false, misleading, or deceptive act or practice.  TEX. BUS. & COM. CODE §17.46(b)(5).

Page 13

63.    Defendants' misrepresentations, as described above, that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46 (b)(7).

64.    Defendants' advertisement of goods and services, as described above, with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(9).

65.    Defendants' misrepresentations, as described above, that an agreement conferred or involved rights, remedies and obligations, which it does not have or involve, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(12).

66.    Defendants' failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiffs into a transaction into which Plaintiffs would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice.    TEX. BUS. & COM. CODE §17.46(b)(24).

## FRAUDULENT MISREPRESENTATION

67.    All preceding paragraphs are incorporated herein by reference.

68.    Defendants' conduct constitutes fraudulent misrepresentation in the State of Texas.

69.    Defendants made representations to Plaintiffs, as described above, which were false statements of fact, and were material to the transaction.   In making these representations, Defendants knew the representations were false, or acted with reckless disregard of the truth or falsity of the representations.

70.    Defendants intended Plaintiffs to act on the representations, and Plaintiffs relied on the false

REMOVAL_130

representations in seeking to obtain what Plaintiffs thought was an insurance policy that provided for losses to the Property and Contents caused by flood, such as those suffered by Plaintiffs.

### NEGLIGENT MISREPRESENTATION

71.     All preceding paragraphs are incorporated herein by reference.

72.     Defendants' conduct constitutes a tort for negligent misrepresentation in the State of Texas.

73.     Defendants made representations to Plaintiffs, as described above, in the course of Defendants' business or in a transaction in which Defendants had an interest.

74.     In making these representations, Defendants supplied false information for the guidance of Plaintiffs.   Defendants did not exercise reasonable care or competence in obtaining or communicating the information on which Plaintiffs justifiably relied.   Defendants' negligent misrepresentations proximately caused Plaintiffs' injury.

### FRAUD

75.     All preceding paragraphs are incorporated herein by reference.

76.     Defendants are liable to Plaintiffs for common law fraud.

77.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

78.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

79.     All preceding paragraphs are incorporated herein by reference.

Page 15

80.    Defendants are liable to Plaintiffs for conspiracy to commit fraud.   Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action.   Plaintiffs suffered injury as a proximate result.

### AGENCY/ RESPONDEAT SUPERIOR

81.    At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants occurred within the scope of the actual or apparent authority of such person on behalf of Defendants.   Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative, or employee complained of herein by virtue of agency relationship.

82.    At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendants occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.   Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such employee complained of herein under the doctrine of *respondeat superior*.

### KNOWLEDGE

83.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

84.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

Page 16

85.    In light of the forced-placed insurance, which was required due to Plaintiffs' mortgage, the damages caused by Memorial Day flood to the building/structure have been addressed or repaired; however, the damages to Plaintiffs' contents have not been addressed or replaced, which has causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' failure to procure the Policy, in violation of the laws set forth above.

86.    For noncompliance with the Texas Insurance Code: Unfair Settlement Practices, Misrepresentation Regarding Policy or Insurer, and Misrepresentation of Insurance Policy, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages.  TEX. INS. CODE §541.152.

87.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

88.    For noncompliance with the Texas Deceptive Trade Practices Act-Consumer Protection Act, Plaintiffs are entitled to economic damages, which include the amount of the benefits wrongly withheld.  For knowing and intentional conduct violations, with regard to these breaches of duty, Plaintiffs ask for three times their economic damages.  Plaintiffs are also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

89.    For negligent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages, along with court costs, interest, and attorney's fees.

90.    For fraudulent misrepresentations, Plaintiffs are entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

91.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for

Page 17

knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

92.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**SELF-AUTHENTICATION**

93.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the "actual" written notice that all documents produced in this litigation shall be used by Plaintiff at pretrial proceedings and trial.  TEX. R. CIV. P. 193.7.  Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

**CONDITIONS PRECEDENT**

94.    Pursuant to Rule 54 of the Texas Rules of Civil Procedure and Rule 17.505(a) of the Texas Business and Commerce Code, Plaintiff pleads that all conditions precedent have been performed or occurred.  TEX. R. CIV. P. 54 and TEX. BUS. & COM. CODE 17.505(a).

**DISCOVERY RULE**

95.    Under the discovery rule, a cause of action does not begin to accrue until Plaintiffs knew, or in the exercise of reasonable diligence should have known, of the wrongful act and resulting injury.  The discovery rule applies in the present case, and the statute of limitations should not run until Plaintiffs discovered the improprieties set out above.

Page 18

## JURY DEMAND

96.     Plaintiffs previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.   Plaintiffs have tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court to enter judgment against Defendants for the recovery of actual damages, treble damages, and punitive and exemplary damages.  In addition, Plaintiffs seek the award of attorney's fees for trial and any appeal of this case, court costs, penalties, prejudgment and postjudgment interest, as allowed by law, and for any other relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

_/s/ Justin D. Burrow_
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
Justin D. Burrow
State Bar No. 24035598
justin@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

REMOVAL_135

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 16th day of November, 2016.



_/s/ Justin D. Burrow_____
J. Steve Mostyn

Page 20



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED
VERIFIED

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2016-28329

ATY _____   CIV _____   COURT 190

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Burrows, Justin          *PH: 713-714-0046 |
| *CIVIL PROCESS SERVER: _____ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _____ Justin |
| *NOTIFIED BY: _____ WC |
| *DATE: _____ 11-10-16 |

Type of Service Document: CV          Tracking Number 73312035
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____

## Process papers prepared by: Wanda Chambers

Date: 11-10-_____ , 2016    30 days waiting 12 - 17 - 16

*Process papers released to: ORLANDO VENTURA
(PRINT NAME)
713 861 6616
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: Iris Collins
(PRINT NAME)
Iris Collins
(SIGNATURE)

* Date: 11/18 , 2016   Time: 3:12   AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.
RFMGWL_137

11/30/2016 12:58:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14025781
By: Deandra Mosley
Filed: 11/30/2016 12:58:49 PM

CAUSE NO. 201625329

RECEIPT NO.               0.00       ATY
            **********           TR # 73312235

| | |
|---|---|
| PLAINTIFF: BICKART, JEFF | In The    190th |
|          vs. | Judicial District Court |
| DEFENDANT: TEXAS FARMERS INSURANCE COMPANY | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY
     CHRIS GRANGER
     15700 LONG VISTA DRIVE    AUSTIN   TX   78728 - 3822
     Attached is a copy of PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

This instrument was filed on the 16th day of November, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 17th day of November, 2016, under my hand and seal of said Court.

Issued at request of:
BURROW, JUSTIN DAVID
3810 WEST ALABAMA
HOUSTON, TX 77027
Tel: (713) 714-0000
Bar No.: 24035598

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA RENEE   ULW//10541455

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_.M., on the \_\_\_\_\_ day of _____, _____.

Executed at (address) _____ in

_____ County at \_\_\_\_\_ o'clock \_\_\_.M., on the \_\_\_\_\_ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this \_\_\_\_\_ day of _____, _____.

FEE: $_____

                    _____

                    _____ of _____County, Texas

_____

                    By

## CAUSE NO. 2016-25329

JEFF BICKART AND STEPHANIE
BICKART
VS.

TEXAS FARMERS INSURANCE
COMPANY ET AL.

IN THE 190TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY,
TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _11/22/16_ (DATE) AT _10_ : _23_ ( _A_ ) M (TIME)
CITATION PLAINTIFF'S SECOND AMENDED PETITION came to hand for delivery to TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY CHRIS GRANGER.

3. ON _11/22/16_ (DATE) AT _12_ : _50_ ( _P_ ) M (TIME) - The above named documents were delivered to: TEXAS FARMERS INSURANCE COMPANY BY SERVING ITS ATTORNEY CHRIS GRANGER by delivering to
_Lidia Marquez - Designated Agent_
(NAME AND TITLE), authorized agent for service @
_15700 Long Vista Dr., Austin TX 78728_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
SCH# _1181_  EXPIRATION: _07/31/17_

_Barbara C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _22_ day of _November_ 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.11.180891



HARRISON STINNETT
My Notary ID # 129047716
Expires July 9, 2020

12/29/2016 4:30:53 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14498080
By: Tammy Tolman
Filed: 12/29/2016 4:30:53 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| **JEFF BICKART AND STEPHANIE** | § | **IN THE DISTRICT COURT OF** |
| **BICKART.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY, WEISER INSURANCE** | § | |
| **GROUP, LLC, DAVID WEISER, LAR** | § | **190TH JUDICIAL DISTRICT** |
| **WEISER, AND HILDA AGUILERA,** | § | |
| **Defendants.** | § | |

### TEXAS FAMERS INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED PETITION

NOW INTO COURT, comes Defendant, TEXAS FARMERS INSURANCE COMPANY ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq.*, the "NFIA"), and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" (44 C.F.R. §62.23(f); 42 U.S.C. §4071(a)(1)) for the purpose of responding to Plaintiffs' Second Amended Petition and asserting Affirmative Defenses.

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Texas Farmers asserts a general denial, denying each and every allegation made by Plaintiffs in their most recent petition and demanding strict proof thereof.   Texas Farmers hereby reserves its right to amend this answer under the Texas Rules of Civil Procedure.

### II.   DENIAL OF CONDITIONS PRECEDENT

Texas Farmers specifically denies that any and all conditions precedent to the filing of Plaintiffs' claims have occurred.

## III.    **AFFIRMATIVE DEFENSES**

i.    **NO JURISDICTION.**  Plaintiff's Complaint alleges causes of action specifically based upon Texas Farmers' administration of a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP").  All such claims are exclusively governed by federal Constitutional, statutory, regulatory law.  Specifically, 42 U.S.C. § 4072 provides "original exclusive jurisdiction" over Plaintiff's claims.  *See also* 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). As such, this Court lacks jurisdiction over this matter.

ii.    **NO CAUSE OF ACTION.**  Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief may be granted by this Honorable Court.  Therefore, Plaintiffs have no cause of action other than a breach of contract against the WYO Defendant, Texas Farmers.

iii.    **NO RIGHT OF ACTION.**  There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program.  To the extent that Plaintiffs seek any recovery from Texas Farmers under federal law beyond what is provided for in the text of the SFIP, Texas Farmers affirmatively asserts that no right of action exists.

iv.    **POLICY PROVISIONS.**  Plaintiffs and the WYO carrier, Texas Farmers, entered into the mutually binding contract of flood insurance known as the Standard Flood Insurance Policy, 44 C.F.R. Pt. 61, App. A(1).  Texas Farmers pleads and adopts all terms, provisions, and exclusions of this Federal Regulation as if copied herein.  Therefore, Plaintiffs are bound by the SFIP provisions to which they voluntarily entered into for the damages claimed in this lawsuit. Further, as participants in the NFIP, Plaintiffs are bound by all FEMA publications governing its insurance program including, but not limited to manuals, bulletins and/or similar publications.

2

REMOVAL_141

v.   **WAIVERS OF SFIP PROVISIONS RESERVED.**  FEMA has reserved unto itself the exclusive authority to waive program requirements. *See* 44 C.F.R. §§61.13(d) and 62.23(k), as well as SFIP Art. VII(D).  Texas Farmers, thus, affirmatively pleads that it cannot legally waive program requirements, and instead is required by the U.S. Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

vi.   **CONDITIONS PRECEDENT.**  Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon Plaintiffs' prior compliance with "all the requirements of the policy." *See, e.g.*, SFIP Article VII.  In order to obtain the federal benefits that Plaintiffs seek is seeking under the policy, Plaintiff must meet her burden of proof to establish her pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements, including the requirement to file lawsuit against Texas Farmers in federal court. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference

vii.   **NO BREACH OF DUTY.**  There are no breaches of any duties owed by Texas Farmers to Plaintiffs.  Texas Farmers' duties are owed to the Federal Government.

viii.   **CAUSATION.**  Some or all of the damage claimed by Plaintiffs were the result of causes not within the scope of the SFIP or the NFIP governing regulations.  All burdens of proof upon this issue rest upon Plaintiffs.

ix.   **MITIGATION.**  If any of Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

REMOVAL_142

x.    **OFFSET AND NO DOUBLE RECOVERY.**  There can be no double recovery for the alleged flood damages.  Moreover, Texas Farmers is entitled to an offset of the percentage of damages relative to the total amount of insurance policies.

xi.    **REGULATORY AND STATUTORY LAW.**  The issuance of a SFIP by the WYO Program carrier is strictly and solely governed by 44 C.F.R. §§61.5, 61.11, 61.13; 44 C.F.R. Pt. 61, App. (A)(1); 44 C.F.R. Pt. 62, App. A; and 42 U.S.C. §4001, *et seq.*

xii.    **PREEMPTION.**  All state law based extra-contractual and tort claims arising out of the handling of any claim under the SFIP, and administration of an existing SFIP, are preempted and barred by federal Constitutional, regulatory and statutory law.

xiii.    **KNOWLEDGE AND NO DETRIMENTAL RELIANCE.**  As a matter of federal law, Plaintiffs are charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP.  *See Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984).  Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law.  44 C.F.R. §61.5(e).  Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law.

xiv.    **REPRESENTATIONS.**  Per 44 C.F.R. § 61.5(e), the all representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void.

xv.    **WAIVER AND EQUITABLE ESTOPPEL.**  There can be no waiver and equitable estoppel against Texas Farmers relating to an NFIP SFIP dispute.

4

xvi.   **NO INTEREST RULE.** Because the U.S. Treasury is presumed to be at risk, any claims for prejudgment interest or post-judgment interest are barred by federal law.  The "No Interest Rule" applies.

xvii.   **CONTRIBUTORY NEGLIGENCE.**  Plaintiffs' injury was caused by their own negligence and/or the negligence of others over whom Texas Farmers had no control or authority.  Plaintiffs' claims are, therefore, barred by or must be reduced pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

xviii.   **SETTLEMENT CREDIT.**  Texas Farmers pleads and reserves all rights pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

xix.   **ADDITIONAL DEFENSES.**  Texas Farmers expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

## PRAYER

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against Texas Farmers Insurance Company, with prejudice, and at Plaintiffs' costs.

5

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: /s/ *Bradley K. Jones*
    Douglas D. D'Arche
    State Bar No. 00793582
    Bradley K. Jones
    State Bar No. 24060041
    811 Main St., Suite 1100
    Houston, Texas  77002
    Telephone: (713) 751-1600
    Facsimile:  (713) 751-1717
    E-mail: ddarche@bakerlaw.com
    bkjones@bakerlaw.com

**COUNSEL FOR DEFENDANT,
TEXAS FARMERS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2016, I served a copy of the foregoing on the following counsel of record by registered email:

J. Steve Mostyn
jsmdocketfile@mostynlawfirm.com
Justin D. Burrow
Justin@mostynlawfirm.com
MOSTYN LAW FIRM
3810 West Alabama St.
Houston, Texas 77027
COUNSEL FOR PLAINTIFFS

E. Ray Edwards
Eray.edwards@sbcglobal.net
GANN & EDWARDS
7500 San Felipe, Suite 410
Houston, Texas 77063
COUNSEL FOR DEFENDANTS,
WEISER INSURANCE GROUP
LLC, WEISER, DAVID, WEISER,
LARRY, and AGUILERA, HILDA

/s/ *Bradley K. Jones*
Bradley K. Jones

6

3/2017 6:53:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15835486
By: Deandra Mosley
Filed: 3/13/2017 6:53:18 PM

### CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA, | § § § § § § | |
| *Defendants.* | § | 190TH JUDICIAL DISTRICT |

---

### AGREED AMENDED DOCKET CONTROL ORDER

---

The following Agreed Amended Docket Order shall apply to this case unless modified by the Court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. 12/19/2016   **JOINDER.**
   All parties must be added and served, whether by amendment or third party practice, by this date. The party causing the joinder shall provide a copy of this Scheduling Order at the time of service.

2. 05/19/2017   **PLAINTIFFS EXPERT WITNESS DESIGNATION.**
   Experts for parties seeking affirmative relief are required and must be served by this date.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.

3. 06/19/2017   **DEFENDANTS EXPERT WITNESS DESIGNATION.**
   Expert witness designations are required and must be served by this date. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.

4. 07/18/2017   **MEDIATION.**
   Mediation must be conducted and completed by this date.

5. 08/18/2017   **DISCOVERY PERIOD ENDS.**
   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period.   Counsel may conduct discovery beyond this deadline by Agreement.

6.      08/18/2017      **DISPOSITIVE MOTIONS.**
                        All dispositive motions must be heard by oral hearing or submission by this
                        date.

6.      08/18/2017      **CHALLENGES TO EXPERT TESTIMONY.**
                        All motions to exclude expert testimony and evidentiary challenges to
                        expert testimony must be filed by this date, unless extended by leave of
                        court.

7.      08/18/2017      **PLEADINGS.**
                        All amendments and supplements must be filed by this date.

8.      09/11/2017      **DOCKET CALL.**
                        Parties shall be prepared to discuss all aspects of trial with the court on this
                        date. Failure to appear will be grounds for dismissal for want of
                        prosecution.

9.      09/18/2017      **TRIAL.**
                        If not assigned by the second Friday following this date, the case will be
                        reset.

Signed this _____ day of _____, 2017.


                                                          _____
                                                          PRESIDING JUDGE


- 2 -

**AGREED AS TO FORM AND SUBSTANCE:**

**MOSTYN LAW**

/s/ *Justin D. Burrow*
Justin D. Burrow
State Bar No. 24035598
justin@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111

**ATTORNEY FOR PLAINTIFFS**

**BAKER & HOSTETLER, LLP**

/s/ *Bradley K. Jones with permission*
Douglas D. D'Arche
State Bar No. 00793582
ddarche@bakerlaw.com
Bradley K. Jones
State Bar No. 24060041
bkjones@bakerlaw.com
811 Main St., Suite 1100
Houston, Texas 77002
Telephone (713) 751-1600
Facsimile (713) 751-1717

**ATTORNEY FOR DEFENDANT TEXAS FARMERS INSURANCE COMPANY**

**GANN & EDWARDS**

/s/ *E. Ray Edwards with permission*
E. Ray Edwards
State Bar No. 06443700
eray.edwards@sbcglobal.net
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone (713) 787-0003
Facsimile (713) 782-6785

**ATTORNEY FOR DEFENDANTS WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER AND HILDA AGUILERA**

REMOVAL_148

3/13/2017 6:53:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15835486
By: Deandra Mosley
Filed: 3/13/2017 6:53:18 PM

## CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART,<br>    *Plaintiffs,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, WEISER INSURANCE GROUP, LLC, DAVID WEISER, LARRY WEISER, AND HILDA AGUILERA,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | 190TH JUDICIAL DISTRICT |

## AGREED MOTION FOR CONTINUANCE OF TRIAL SETTING

TO THE HONORABLE JUDGE ROBERT SCHAFFER:

COME NOW Plaintiffs and Defendants in the above-entitled and numbered cause and file this, their Agreed Motion for Continuance and would show as follows:

### I.

Trial in this cause is currently set on this Court's June 19, 2017 docket.  This is the first trial setting in this case. To have sufficient time to complete discovery, conduct fact witness depositions, and for all parties to have sufficient time to designate experts, the parties request that this setting be rescheduled to September 18, 2017. The current deadlines and trial setting do not permit enough time to complete all necessary activities.

### II.

Based on the foregoing reasons, the parties are requesting that the trial of this case be continued to September 18, 2017. The continuance of this case is not sought for delay, but so justice maybe done. This is the first request for continuance.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Defendants, respectfully request that their Agreed Motion for Continuance be granted and reset the trial setting to September 18, 2017 and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

/s/ *Justin D. Burrow*
Justin D. Burrow
State Bar No. 24035598
justin@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111

**ATTORNEY FOR PLAINTIFFS**

**BAKER & HOSTETLER, LLP**

/s/ *Bradley K. Jones with permission*
Douglas D. D'Arche
State Bar No. 00793582
ddarche@bakerlaw.com
Bradley K. Jones
State Bar No. 24060041
bkjones@bakerlaw.com
811 Main St., Suite 1100
Houston, Texas 77002
Telephone (713) 751-1600
Facsimile (713) 751-1717

**ATTORNEY FOR DEFENDANT**
**TEXAS FARMERS INSURANCE COMPANY**

Unofficial Copy Office of Harris County District Clerk

**GANN & EDWARDS**

*/s/ E. Ray Edwards with permission*
E. Ray Edwards
State Bar No. 06443700
eray.edwards@sbcglobal.net
7500 San Felipe, Suite 777
Houston, Texas 77063
Telephone (713) 787-0003
Facsimile (713) 782-6785

**ATTORNEY FOR DEFENDANTS WEISER
INSURANCE GROUP, LLC, DAVID WEISER,
LARRY WEISER AND HILDA AGUILERA**

- 2 -

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 13th day of March, 2017.

/s/ Justin D. Burrow
Justin D. Burrow

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs have conferred with Defendants regarding this motion.  All parties, Plaintiffs and Defendants, agree to this Motion for Continuance.

/s/ Justin D. Burrow
Justin D. Burrow

- 3 -

3/13/2017 6:53:18 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 15835486
By: MOSLEY, DEANDRA S
Filed: 3/13/2017 6:53:18 PM

CAUSE NO. 2016-25329

| | | |
|---|---|---|
| JEFF BICKART AND STEPHANIE BICKART, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, WEISER INSURANCE | § | |
| GROUP, LLC, DAVID WEISER, | § | |
| LARRY WEISER, AND HILDA | § | |
| AGUILERA, | § | |
| *Defendants.* | § | 190TH JUDICIAL DISTRICT |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE

On this day came to be heard Plaintiffs and Defendants Agreed Motion for Continuance. The Court, after considering the motion, all pleadings on file and the testimony of the parties, if any, is of the opinion that the motion should be and hereby is GRANTED.

It is further, ORDERED, ADJUDGED and DECREED that trial of this case be reset to September 18, 2017.

SIGNED this _____ day of _____, 2017.

_____
PRESIDING JUDGE

3/20/2017 10:45:06 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 15944493
By: TOLMAN, TAMMY E
Filed: 3/20/2017 10:45:06 AM



# Mostyn Law

March 17, 2017

*Via Email: eray.edwards@sbcglobal.net*
E. Ray Edwards
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063

*Via Email: bkjones@bakerlaw.com*
Bradley K. Jones
BAKER & HOSTETLER, LLP
811 Main St., Suite 1100
Houston, Texas 77002

Re:    Cause No. 2016-25329: *Jeff Bickart and Stephanie Bickart vs. Texas Farmers Insurance Company, Weiser Insurance Group LLC, Larry Weiser, Hilda Aguilera, and David Weiser*; In the 190th Judicial District Court of Harris County, Texas.

Dear Counsel:

This correspondence is intended to serve as a Rule 11 Agreement whereby Defendants agree to extend the deadline for Plaintiffs' Expert Witness Designation to May 19, 2017. Additionally, Plaintiffs agree to extend the deadline for Defendants' Expert Witness Designation to June 19, 2017.

If this correspondence adequately reflects the terms of our agreement, please execute in the space provided below and return the same to our office.

Sincerely,

**MOSTYN LAW**

*/s/ Justin D. Burrow*
Justin D. Burrow
*Attorney for Plaintiffs*

AGREED:

*/s/ E. Ray Edwards with permission*
E. Ray Edwards
GANN & EDWARDS
*Attorney for Defendants Weiser Insurance Group, LLC, David Weiser, Larry Weiser and Hilda Aguilera*

*/s/ Bradley K. Jones with permission*
Bradley K. Jones
BAKER & HOSTETLER, LLP
*Attorney for Defendant Texas Farmers Insurance Company*

REMOVAL_154